U.S. Fire Insurance Co., demandante y recurrente, v. Autoridad de Energía Eléctrica y otros, demandados y recurridos.

*Número:* CC-2000-150          *Resuelto:* 13 de septiembre de 2000

*Blanca E. Agrait Lladó,* del *Bufete Agrait Lladó,* abogada de la parte peticionaria; *Pedro Lugo Frank* y *Adalberto Alomar Rosario,* abogados de la parte recurrida.

PER CURIAM: Por entender que erró el Tribunal de Circuito de Apelaciones al denegar los recursos presentados por los demandados, por el fundamento de haber sido presentados fuera del término que establece la ley, revocamos.

## I

El 26 de julio de 1993 la Autoridad de Acueductos y Alcantarillados (en adelante la A.A.A.) se proponía realizar una descarga de agua en la represa de Carraízo. La Defensa Civil, ante esta situación de emergencia, le requirió a

la Unidad Aérea de la Policía de Puerto Rico que llegara hasta el lugar para que diera aviso a algunas personas que se encontraban en los alrededores de la represa. Cuando el helicóptero de la Policía de Puerto Rico acudió al área, éste impactó un cable del tendido eléctrico que cruzaba sobre el río frente a la pared de la represa, lo cual provocó que la nave se estrellara. En el accidente perdieron la vida los tres (3) tripulantes. El helicóptero quedó destruido y resultó en pérdida total.

A raíz de este accidente, los familiares y parientes de los occisos presentaron varias acciones de daños y perjuicios contra la Autoridad de Energía Eléctrica (en adelante la A.E.E.) y la A.A.A., y de sus respectivas compañías aseguradoras. Por su parte, U.S. Fire Insurance Co., compañía aseguradora que pagó a la Unidad Aérea de la Policía de Puerto Rico por la pérdida total del helicóptero, también presentó una acción de subrogación para recobrar lo pagado. El Tribunal de Primera Instancia consolidó las referidas acciones judiciales.

Luego de la celebración del juicio correspondiente, el tribunal de instancia dictó sentencia, la cual fue archivada en autos el 17 de septiembre de 1998. Concluyó que tanto la A.A.A. como la A.E.E. habían sido negligentes. En cuanto a la acción de subrogación de la codemandante U.S. Fire Insurance Co., condenó a las demandadas a pagar el valor de la pérdida del helicóptero, el cual había sido estipulado por las partes previamente. Señaló el tribunal de instancia que no existían razones para posponer dictar sentencia en cuanto a dicha reclamación y ordenó expresamente el registro y la notificación de la sentencia. Por último, determinó que las vistas respecto a los daños sufridos por los restantes demandantes se dilucidarían oportunamente.

Así las cosas, las codemandadas, la A.A.A. y la A.E.E., presentaron oportunamente ante el Tribunal de Primera Instancia sendas mociones, para solicitar determinaciones de hechos y conclusiones de derecho adicionales. El tribu-

nal *a quo* dictó una resolución la cual fue archivada en autos el 7 de abril de 1999, en la que declaró no ha lugar las referidas mociones. Inconforme, la A.A.A. presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones el 6 de mayo de 1999. La A.E.E. hizo lo propio el 7 de mayo de 1999.

El Tribunal de Circuito de Apelaciones emitió una resolución en la que consolidó las apelaciones presentadas. Posteriormente, luego de varios incidentes procesales, dictó una resolución a los efectos de notificar a las partes que consideraría los recursos presentados como recursos de *certiorari*. Concluyó que el tribunal de instancia no había dictado una "sentencia", por lo que las mociones presentadas en el foro de instancia, para solicitar determinaciones de hecho y de derecho adicionales no habían tenido el efecto de interrumpir los términos para acudir al tribunal apelativo. Señaló que habiéndose archivado en autos una copia de la notificación del dictamen del foro inferior *a quo* el 17 de septiembre de 1998, cuando las partes presentaron los recursos el 6 y el 7 de mayo de 1999, respectivamente, ya había expirado el término de treinta (30) días que establece la ley para presentar un recurso de *certiorari*. Determinó que no habiéndose acreditado por las partes justa causa para la dilación, procedía denegar los recursos. Finalmente, esbozó, como fundamento adicional para denegar los recursos, que los apéndices de éstos estaban incompletos.

Inconforme con la determinación del tribunal apelativo, las codemandadas, la A.A.A. y la A.E.E. recurren ante nos. El 24 de marzo de 2000 le concedimos un término a la parte recurrida para que compareciera y mostrara causa por la cual no debía revocarse la resolución dictada por el Tribunal de Circuito de Apelaciones. Con el beneficio de los argumentos de las partes, estamos en posición de resolver.

## II

■ La Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, define el término "sentencia", como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Reiteradamente hemos resuelto que si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a todas las controversias entre las partes, se constituye en una sentencia final de la cual pueda interponerse recurso de apelación. *De Jesús v. Corp. Azucarera de P.R.*, 145 D.P.R. 899 (1998); *A.F.F. v. Tribunal Superior*, 93 D.P.R. 903 (1967); *Arroyo v. Quiñones*, 77 D.P.R. 513 (1954).

■ En *Rodríguez v. Tribunal Municipal y Ramos*, 74 D.P.R. 656, 664 (1953) explicamos así la diferencia entre una resolución y una sentencia:

> No es muy difícil concluir que existe una diferencia conceptual categórica entre una "resolución" y una "sentencia". Ninguna de la dos constituyen un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. *Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final* …. (Énfasis suplido.)

■ Ahora bien, la labor de clasificar un dictamen como resolución o sentencia resulta un tanto más complejo en aquellos casos que entrañan reclamaciones o partes múltiples. A veces dentro de un procedimiento de esta naturaleza se hace innecesario esperar a resolver todas las reclamaciones y el tribunal puede dictar sentencia sobre una u otra de las reclamaciones sin necesidad a esperar a que esté en condiciones de dictar sentencia sobre todas las reclamaciones. R. Hernández Colón, *Derecho Procesal Civil*, San Juan, Ed. Michie, 1996, pág. 282. La Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece el mecanismo procesal que tienen a su disposición los tribunales

en este tipo de caso para dictar sentencia. La referida regla establece, en lo pertinente:

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, *el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que se ordene expresamente que se registre sentencia.* (Énfasis suplido.)

■  De manera que es aplicable la referida Regla 43.5, cuando en un pleito de múltiples reclamaciones o múltiples partes la sentencia parcial que se dicta adjudica menos del total de las reclamaciones o de los derechos u obligaciones de menos de la totalidad de las partes. Es decir, esta regla permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos de una de las partes en un pleito. *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20 (1986). En términos de recta metodología y adjudicación, los tribunales deben denominar ese tipo de decisión como "sentencia parcial final".

■  Resulta pertinente aclarar que la citada Regla 43.5 *no* aplica cuando un tribunal fracciona los elementos básicos de negligencia y daños. Esto, en vista de que al disponer del primer aspecto, la negligencia, no se resuelve finalmente la cuestión litigiosa de la cual pueda apelarse. Dicho dictamen es de carácter interlocutorio. La sentencia no puede ser final por no ser aún ejecutable. *Díaz v. Navieras de P.R.*, 118 D.P.R. 297 (1987).

Una vez se determina que es de aplicación la referida Regla 43.5, para que se entienda que el tribunal ha dictado una sentencia parcial final éste debe: (a) concluir expresamente que no existe razón para posponer el dictamen de una sentencia sobre la reclamación y (b) ordenar expresamente que se registre la sentencia. *Torres Capeles v. Rivera*

*Alejandro,* 143 D.P.R. 300 (1997). *Asociación de Propietarios v. Santa Bárbara Co.,* 112 D.P.R. 33 (1982).

Una vez se satisfacen los requisitos anteriormente mencionados y se registra y archiva en autos copia de la notificación, para todos los efectos estamos ante una sentencia parcial final y comenzarán a correr los términos dispuestos en la Reglas de Procedimiento Civil para las mociones y recursos post sentencia. *Torres Capeles v. Rivera Alejandro,* supra; *Asociación de Propietarios v. Santa Bárbara Co.,* supra. Así por ejemplo, se podrá presentar, a tenor con la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, moción para solicitar determinaciones de hecho y conclusiones de derecho adicionales.

## III

■ La Regla 43.3 de Procedimiento Civil, *supra,* autoriza a solicitar determinaciones de hechos y conclusiones de derecho, diez (10) días después de archivada en autos copia de la notificación de una sentencia. Dicha moción se presenta para que el tribunal que dictó la sentencia la corrija mediante enmiendas, en las que formule determinaciones de hecho (a base de la prueba presentada en el juicio) o conclusiones de derecho pertinentes al fallo. Hernández Colón, *op. cit.,* pág. 314.

La oportuna presentación de una moción al amparo de la regla antes mencionada, interrumpe los términos para presentar una solicitud de reconsideración o de nuevo juicio y para apelar o solicitar revisión. Los términos así interrumpidos comienzan a correr nuevamente a partir del archivo en autos de la notificación de las determinaciones y conclusiones solicitadas. Véanse las Reglas 43.4 y 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

■ Es preciso destacar que la moción para solicitar determinaciones de hechos adicionales, presentada al amparo de la referida Regla 43.3 de Procedimiento Civil, tiene

únicamente un efecto interruptor del término para revisar *sentencias. No* interrumpe el término para revisar *resoluciones.* Véanse: *De Jesús v. Corp. Azucarera de P.R.,* supra; *Andino v. Topeka, Inc.,* 142 D.P.R. 933 (1997). Así, por ejemplo, dicha moción no interrumpe el término para solicitar la revisión de una resolución interlocutoria, como lo sería aquella que emite un tribunal en una acción de daños y perjuicios en virtud de la cual únicamente se adjudica el aspecto de la negligencia, mas no determina nada en lo referente al aspecto de los daños. Como hemos señalado, este tipo de dictamen es interlocutorio y, por lo tanto, contra él no procede el recurso de apelación, sino el de *certiorari.* Véase *Díaz v. Navieras de P.R.,* 118 D.P.R. 297 (1987).

## IV

■ En el caso de autos, en primer lugar, debemos clasificar el dictamen emitido por el tribunal de instancia como una sentencia parcial final o una sentencia parcial. De determinarse que estamos ante una sentencia parcial final, se entenderá que ésta dio lugar a una apelación, cuyo término quedó interrumpido por la oportuna presentación de las mociones de determinaciones de hechos y conclusiones de derecho adicionales. Por el contrario, de concluirse que el dictamen es una sentencia parcial, es decir, una resolución interlocutoria, ésta daría lugar a un recurso de *certiorari* y la moción de determinaciones de hecho y conclusiones de derecho adicionales no interrumpió el término para presentar el mencionado recurso. Veamos.

En el caso de marras el Tribunal de Primera Instancia, en su dictamen: (1) declaró con lugar todas las acciones de daños y perjuicios presentadas por entender que las codemandadas habían sido negligentes; (2) condenó a las codemandadas a pagar a *U.S. Fire Insurance Co.* el valor material del helicóptero que resultó en pérdida total, el cual

fue estipulado por las partes; (3) estableció que se dilucidaría más adelante lo referente a los daños sufridos por los restantes demandantes y (4) señaló expresamente que no existía razón para posponer dictar sentencia sobre la reclamación de U.S. Fire Insurance Co. y ordenó que se registrara la sentencia.

La complejidad en el caso de marras surge, porque el Tribunal de Primera Instancia en un mismo dictamen dictó una sentencia final y una sentencia parcial final o resolución interlocutoria. Así, pues, respecto a la demandante *U.S. Fire Insurance Co.*, dictó una sentencia parcial final, ya que puso fin a la cuestión litigiosa por haber resuelto tanto el aspecto de negligencia, como el de los daños. Dicha sentencia adquirió finalidad en vista de que concurrieron los requisitos aplicables a los casos de reclamaciones múltiples, a saber: (1) el tribunal expresamente señaló que no había razón para que se pospusiera dictar sentencia y (2) ordenó el archivo en autos y el registro de la sentencia.

Sin embargo, respecto a los restantes demandantes, el foro *a quo* dictó una sentencia parcial, la cual tiene carácter interlocutorio. Esto es así ya que el tribunal fraccionó los elementos de la negligencia y los daños, y dispuso del primer aspecto únicamente y no resolvió finalmente la cuestión litigiosa entre las partes por faltar de dilucidar aún el aspecto de los daños.

Con este trasfondo en mente, nos resta solamente considerar si las codemandadas en los recursos presentados ante el Tribunal de Circuito de Apelaciones estaban solicitando la revisión de la sentencia parcial final o de la sentencia parcial.

Una lectura de los recursos consolidados presentados ante el Tribunal de Circuito de Apelaciones revela que éstos se centran en impugnar la determinación de negligencia hecha por el foro *a quo*. Esta observación no es concluyente en lo referente a si lo que se estaba impugnando era

la sentencia parcial final o la parcial, y si el recurso presentado era uno de apelación o de *certiorari*, en vista de que en ambos supuestos procedía cuestionar dicha determinación. Sin embargo, en los recursos las codemandadas no se limitaron exclusivamente a cuestionar la determinación de negligencia, sino que también hicieron referencia y cuestionaron los términos de la póliza expedida por la demandante U.S. Fire Insurance Co.[1] Es evidente que este aspecto las codemandadas no lo hubiesen podido levantar si hubiesen estado cuestionando la sentencia parcial, porque no atendía lo referente a dicha parte demandante en particular.

De manera que, las codemandadas en los recursos presentados ante el Tribunal de Circuito de Apelaciones estaban cuestionando la sentencia parcial final emitida a favor de U.S. Fire Insurance Co. No serviría a los propósitos de la justicia y de la economía procesal concluir que a pesar de haber una sentencia final, las partes adversamente afectadas no tenían a su disposición los mecanismos post sentencia que reconocen las Reglas de Procedimiento Civil.

El tribunal de instancia archivó en autos la copia de la notificación de la sentencia parcial final el 17 de septiembre de 1998. Las demandadas, la A.A.A. y la A.E.E., oportunamente presentaron sendas mociones, en las cuales solicitaron determinaciones de hecho y conclusiones de derecho adicionales. El tribunal de instancia emitió una resolución, la cual fue archivada en autos el 7 de abril de 1999, en virtud de la cual declaró no ha lugar las referidas mociones. La A.A.A. y la A.E.E. presentaron los recursos de apelación el 6 y el 7 de mayo de 1999, respectivamente, es decir, los recursos fueron presentados dentro del término de los treinta (30) días que establece la ley.

■ Por lo tanto, el Tribunal de Circuito actuó incorrectamente al acoger los recursos de apelación como re-

---

[1] Véanse los Apéndices V y VI de recurso de *certiorari*.

cursos de *certiorari* y denegarlos por haber sido presentados fuera del término estatutario. Concluimos que la oportuna presentación de la moción para solicitar las determinaciones de hechos y conclusiones de derecho adicionales tuvo el efecto de interrumpir el término para acudir en apelación al Tribunal de Circuito de Apelaciones. A tenor con la Regla 43.3 de Procedimiento Civil, *supra,* una vez se presenta este tipo de moción, quedan interrumpidos para todas las partes los términos que reconoce nuestro ordenamiento para interponer recursos de revisión.([2])

Por las razones que anteceden, *se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve a dicho foro para que considere los recursos presentados por las codemandadas como recursos de apelación.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita. El Juez Asociado Señor Rivera Pérez no intervino.

---

([2]) El texto de la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone: "Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas."