El Juez Asociado Señor Estrella Martínez
emitió la opinión del Tribunal.
Nos corresponde resolver si la norma de Figueroa v. Del Rosario, 147 D.P.R. 121 (1998), la cual establece que las determinaciones sobre modificaciones de alimentos y cus-todia de menores constituyen sentencias sujetas a apela-ción, se extiende a las determinaciones sobre pensiones ali-mentarias de excónyuges.
I
El 12 de mayo de 2003, el Sr. José González Colón y la Sra. Lourdes Socorro Cortés Pagán se divorciaron me- *810 diante una sentencia emitida por el Tribunal de Primera Instancia. En dicha sentencia se incluyeron las estipulacio-nes que acordaron las partes. Como parte de éstas, el señor González Colón pagaría a la señora Cortés Pagán $3,500 mensuales en concepto de pensión alimentaria de excónyuge. También pagaría un plan médico para la se-ñora Cortés Pagán. En caso de que algún tratamiento no fuera cubierto por el plan médico, el señor González Colón lo costearía. Todo menos cirugías estéticas.
Luego de varios años, el 6 de abril de 2009, el señor González Colón solicitó al Tribunal de Primera Instancia que lo relevara de pagar la pensión alimentaria de excónyuge. Adujo que al momento de establecerse tal pen-sión, la señora Cortés Pagán no trabajaba y poseía la cus-todia de los hijos menores de edad de ambos, por lo que en aquel entonces entendió que debía aportar al núcleo familiar para que los menores no se vieran más afectados por el divorcio. Sostuvo que tales circunstancias cambiaron, pues hoy sus hijos son mayores de edad y la señora Cortés Pa-gán trabaja como maestra.
En respuesta, la señora Cortés Pagán presentó una mo-ción en la que sostuvo que la pensión alimentaria de excón-yuge forma parte de un contrato de transacción entre las partes, el cual se incorporó a una sentencia que advino final, firme e inapelable, por lo que constituye cosa juzgada. Asimismo, coligió que tal pensión no se debía al-terar porque no existía un cambio sustancial en las cir-cunstancias que originaron la pensión alimentaria de excónyuge.
Luego de varios trámites procesales, los cuales incluye-ron una audiencia, el Tribunal de Primera Instancia de-claró “no ha lugar” la solicitud de relevo de pensión alimen-taria de excónyuge y ordenó el pago de ciertos tratamientos médicos a favor de la señora Cortés Pagán. El foro primario concluyó que el señor González Colón no logró establecer que había ocurrido un cambio sustancial *811 en las circunstancias que originaron la estipulación sobre pensión alimentaria de excónyuge. Este dictamen, titulado “Resolución”, se notificó el 11 de agosto de 2009.
El 18 de agosto de 2009, el señor González Colón pre-sentó una solicitud de determinaciones adicionales de he-chos y conclusiones de derecho. Más adelante interpuso una moción de reconsideración. La señora Cortés Pagán presentó su oposición. El 24 de septiembre de 2009, el Tribunal de Primera Instancia emitió una resolución en la que declaró “no ha lugar” la moción de reconsideración. También notificó una orden en la cual declaró “no ha lu-gar” la moción de determinaciones adicionales de hechos y conclusiones de derecho que presentó el señor González Colón.
Inconforme, el 22 de octubre de 2009, el señor González Colón presentó un recurso de apelación ante el Tribunal de Apelaciones. Intentó cuestionar la determinación del foro primario respecto a la solicitud de determinaciones adicio-nales de hechos y conclusiones de derecho, y sobre el relevo del pago de la pensión alimentaria de excónyuge. Sin embargo, el foro apelativo intermedio desestimó el recurso. Argumentó que carecía de jurisdicción porque el dictamen que se pretendía revisar era una resolución y no una sentencia. Igualmente, concluyó que la norma jurispruden-cial que establece que las determinaciones sobre modifica-ciones de alimentos y custodia de menores constituyen sen-tencias sujetas a apelación, no se extiende a determina-ciones sobre pensiones alimentarias de excónyuges.
Luego de varios trámites procesales, el señor González Colón presentó un recurso de certiorari ante nos. Adujo que el Tribunal de Apelaciones incidió al desestimar el recurso de apelación y al concluir que la norma de Figueroa v. Del Rosario, 147 D.P.R. 121 (1998), no se extiende a determi-naciones sobre otras pensiones alimentarias como la de excónyuges. De igual forma, alegó que el foro apelativo in-termedio erró al concluir que a la resolución emitida por el *812 foro primario no la interrumpió la moción de determinacio-nes adicionales de hechos y conclusiones de derecho, y al no considerar que dicha resolución resolvía en forma final todas las controversias planteadas en el caso, por lo que se debía considerar una sentencia final sobre la cual podía interponerse un recurso de apelación.
II
Para la apropiada disposición de la presente causa conviene recordar que la Regla 43.3 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III), aplicable al caso de marras, permite que una parte presente dentro de los diez días siguientes al archivo en autos de una copia de la notificación de la sentencia, una solicitud de determinaciones adicionales de hechos y conclusiones de derecho.(1) La presentación oportuna y correcta de esta solicitud tiene el efecto de interrumpir los términos dispuestos por ley para solicitar reconsideración, nuevo juicio y para interponer un recurso de apelación. Figueroa v. Del Rosario, supra, págs. 125-126; Andino v. Topeka, Inc., 142 D.P.R. 933 (1997). El plazo comenzará a transcurrir nuevamente en cuanto “se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas”. Regla 43.4 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). Para que una moción de determinaciones de hechos y conclusiones de derecho interrumpa los aludidos plazos se requiere la existencia de una sentencia que pueda apelar.
El término Sentencia se define como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa. Regla 43.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III); Abrams Rivera v. E.L.A., 178 D.P.R. 914, 926 (2010); Torres Martínez v. Torres Ghigliotty, 175 *813 D.P.R. 83, 94 (2008); U.S. Fire Ins. v. A.E.E., 151 D.P.R. 962, 967 (2000).(2) Esto es, que adjudique una reclamación entre las partes de la cual pueda se pueda apelar. Id.
Una Resolución, en cambio, no adjudica definitivamente la totalidad de una reclamación, sino que resuelve algún incidente o controversia de ésta. Torres Martínez v. Torres Ghigliotty, supra, págs. 95-96; García v. Padró, 165 D.P.R. 324, 332 (2005). Claro está, como el nombre no hace la cosa, cuando el tribunal emite una resolución que tiene el efecto de poner fin a una reclamación entre las partes no nos encontramos ante una verdadera resolución, sino ante una sentencia de la cual se puede interponer un recurso de apelación. García v. Padró, supra, pág. 333; U.S. Fire Ins. v. A.E.E., supra, pág. 967.
En estrecha sintonía con lo anterior, cabe preguntarse: ¿qué ocurre con la revisión de las determinaciones sobre alimentos que emite el foro primario? En Figueroa v. Del Rosario, supra, contestamos esta interrogante en el contexto de una reclamación de custodia. Desde aquel entonces resolvimos que debido a la naturaleza sui géneris de los pleitos de familia, los dictámenes que emita el Tribunal de Primera Instancia sobre alimentos y custodia, que modifican o intentan modificar alguna determinación final previa al respecto, por haber ocurrido un cambio en las circunstancias, constituyen propiamente sentencias de las cuales se puede apelar. Ello, porque tales determinaciones no son resoluciones en sí, pues adjudican y resuelven una reclamación entre las partes, según los hechos y las circunstancias existentes en el momento en que ésta se resuelve.(3) Como tales determinaciones constituyen una *814 sentencia, una moción de determinaciones adicionales de hechos y conclusiones de derecho, oportuna y correcta-mente presentada, interrumpe el término de treinta (30) días para apelar al Tribunal de Apelaciones.(4) Id.
III
El Tribunal de Apelaciones interpretó que nuestra Opi-nión en Figueroa v. Del Rosario, supra, en la cual se esta-bleció que las determinaciones sobre modificaciones de ali-mentos y custodia de menores constituyen sentencias sujetas a apelación, no se extiende a otro tipo de pensiones porque solo los alimentos de menores están revestidos del más alto interés público. Erró.
Las pensiones alimentarias de excónyuges también están investidas del mayor interés público.(5) Morales v. Jaime, 166 D.P.R. 282, 291 (2005); González v. Suárez Milán, 131 D.P.R. 296, 301 (1992). Nuestros pronunciamientos han sido claros y consistentes. Es la institución de alimentos en sí misma la que motiva tan alto interés, pues ésta “surge del derecho fundamental de todo ser humano a existir y desarrollar plenamente su personalidad”. González v. Suárez Milán, supra, pág. 301. El carácter dinámico de la institución de alimentos y los propósitos importantes que persigue en manera alguna quedan minados por la circunstancia de ser excónyuge.
En atención a ello, los dictámenes sobre pensiones alimentarias de excónyuges siempre están sujetos a modificación, según cambie sustancialmente la capacidad del alimentante para proveer alimentos o la necesidad del alimentista. Cantellops v. Cautiño Bird, 146 D.P.R. 791, *815 806 (1998); González v. Suárez Milán, supra, pág. 300. La protección a la institución de alimentos en el contexto de excónyuges nos ha llevado a reconocer que aunque las es-tipulaciones en los casos de divorcio por consentimiento mutuo constituyen un contrato de transacción judicial y, por consiguiente, son cosa juzgada entre las partes, las es-tipulaciones sobre pensiones alimentarias de excónyuges no tienen carácter de cosa juzgada. Cantellops v. Cautiño Bird, supra, pág. 806. Véase, además, Igaravidez v. Ricci, 147 D.P.R. 1, 5 y 7 (1998). Claro está, las determinaciones sobre pensiones alimentarias de excónyuges que realiza el Tribunal de Primera Instancia, que modifican o intentan modificar los dictámenes finales previos, debido a cambios sustanciales en las circunstancias, adjudican y resuelven una reclamación entre las partes.
En conformidad con lo anterior, concluimos que las determinaciones sobre pensiones alimentarias de ex-cónyuges constituyen propiamente sentencias de las cuales se puede interponer un recurso de apelación. En consecuencia, una moción de determinaciones adicionales de hechos y conclusiones de derecho, oportunamente presentada y fundamentada, interrumpe el término jurisdiccional de treinta días para apelar ante el Tribunal de Apelaciones.
En el caso de autos, el Tribunal de Primera Instancia evaluó la sentencia de divorcio emitida en el 2003 y las estipulaciones allí contenidas. El 22 de enero de 2009 cele-bró una audiencia para discutir las controversias surgidas como consecuencia de tales estipulaciones. Ambas partes comparecieron con sus respectivas representaciones legales. El asunto quedó delimitado a la discusión de la pensión alimentaria excónyuge de $3,500 mensuales y del plan médico a favor de la señora Cortés Pagán. Posterior-mente, ambas partes presentaron sendos memorandos de derecho para apoyar sus respectivas posturas. Con el be-neficio de lo anterior, el foro primario determinó que el *816 señor González Colón no probó que hubiera algún cambio sustancial en las circunstancias que originaron la estipu-lación sobre pensión alimentaria de excónyuge.
El foro primario adjudicó las únicas reclamaciones exis-tentes entre las partes, a saber: la solicitud de relevo de pensión alimentaria de excónyuge y ciertos gastos sobre tratamientos médicos. No quedó otro asunto pendiente. Por lo tanto, concluimos que el dictamen emitido por el foro primario a tales efectos, aunque titulado “Resolución”, constituyó una “Sentencia”. Este dictamen se notificó el 11 de agosto de 2009 y contiene determinaciones de hechos y conclusiones de derecho que disponen finalmente de todas las controversias planteadas. Con relación a esta senten-cia, el señor González Colón podía presentar, como en efecto lo hizo el 18 de agosto de 2009, una fundamentada moción de determinaciones adicionales de hechos y conclu-siones de derecho, según la Regla 43.3 de Procedimiento Civil de 1979, supra.
La presentación de la aludida moción interrumpió el término jurisdiccional de treinta días para apelar al Tribunal de Apelaciones. Como las determinaciones del Tribunal de Primera Instancia en las cuales se declaró “no ha lugar” esta moción y la de reconsideración se notificaron el 24 de septiembre de 2009, el recurso de apelación que presentó el señor González Colón el 22 de octubre de 2009 fue oportuno. En consecuencia, el foro apelativo intermedio in-cidió al concluir que carecía de jurisdicción para atender el recurso interpuesto por el señor González Colón.
IV
Por los fundamentos antes expuestos, expedimos el re-curso de “certiorari” de epígrafe, revocamos el dictamen del Tribunal de Apelaciones y devolvemos el caso a dicho foro para que continúe los procedimientos.

Se dictará sentencia de conformidad.

*817 La Jueza Asociada Señora Pabón Charneco disintió con una opinión escrita, a la cual se unieron el Juez Presidente Señor Hernández Denton y los Jueces Asociados Señores Martínez Torres y Rivera García.

 Las Reglas de Procedimiento Civil de 2009 también permiten que una parte presente una solicitud de determinaciones adicionales de hechos y conclusiones de derecho. Véanse: Reglas 43.1 y 43.2 (32 L.P.R.A. Ap. V).

 La Regla 42.1 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V) define el término Sentencia de manera similar.

 Adviértase que los dictámenes sobre alimentos y custodia “no constituyen cosa juzgada ya que pueden ser modificados de ocurrir un cambio en los hechos y las circunstancias que así lo justifique”. Figueroa v. Del Rosario, 147 D.P.R. 121, 129 (1998).

 Véase Regla 53.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III). Las Reglas de Procedimiento Civil de 2009 disponen un plazo similar para presentar un recurso de apelación. Regla 52.2 de Procedimiento Civil de 2009 (32 L.P.R.A. Ap. V).

 Los alimentos entre excónyuges están regulados por el Art. 109 del Código Civil, 31 L.P.R.A. sec. 385.