Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN<br><br>Demandante<br><br>v.<br><br>IGC GROUP LLC;<br><br>Peticionario<br><br>TRANSPORTE RODRÍGUEZ ASFALTO, INC.<br><br>Recurrido | KLAN202400743 | *APELACIÓN* acogida como ***CERTIORARI*** Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV07840<br><br>Sobre: Procedimiento para obligar a reclamantes adversos a litigar entre sí; (Interpleader) Regla 19 de las de Procedimiento Civil |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de septiembre de 2024.

Comparece IGC Group LLC (en adelante IGC y/o Subcontratista) mediante un *Recurso de Apelación* para solicitarnos la revisión de la *Sentencia* emitida el 4 de junio de 2024, y notificada el 6 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI y/o foro primario).[1] Mediante la *Sentencia* apelada, el foro primario declaró *Ha Lugar* una solicitud de sentencia sumaria presentada por Transporte Rodríguez Asfalto, Inc. (en adelante, Rodríguez Asfalto, TRA y/o Contratista). En consecuencia, liberó unos fondos consignados por la suma de $26,329.65 dólares, a favor de la referida parte. Sobre el referido dictamen, se presentó una solicitud de reconsideración, la cual fue declarada *No Ha Lugar*, el 11 de julio de 2024.[2]

---

[1] Apéndice del recurso, a las págs. 1-16.
[2] *Íd.*, a la pág. 42.

Número Identificador

SEN2024_____

Por los fundamentos que expondremos, acogemos el recurso ante nos como un *Certiorari* y denegamos la expedición del mismo.

I

Surge de los autos que, el 31 de enero de 2020, la Autoridad de Carreteras y Transportación (en adelante, Autoridad de Carreteras y/o parte demandante) suscribió un contrato con Rodríguez Asfalto[3] para la ejecución de mejoras en la Autopista PR-116 del Municipio de Lajas, en los Kilómetros 3.0 al 14.0.[4] A esos efectos, el mencionado Contratista subcontrató a IGC para que realizara el *micro surfing, crack sealing and filling* de aproximadamente 1,254 metros lineales de la carretera en cuestión.[5]

Posteriormente, surgieron ciertas diferencias entre el Contratista y el Subcontratista del proyecto, y subsiguientemente, el 19 de agosto de 2022, la Autoridad de Carreteras recibió una reclamación de IGC, en la cual alegó que Rodríguez Asfalto le adeudaba ciertas sumas de dinero.[6] Así, pues, la Autoridad de Carreteras presentó una *Demanda* ante el tribunal de instancia en contra del Contratista y Subcontratista, al amparo de la Regla 19 de Procedimiento Civil.[7] Simultáneamente, con la presentación de dicho pliego, la Autoridad de Carreteras consignó un cheque en el TPI por la suma reclamada por IGC. Lo anterior, con el fin de que una vez el foro primario determinara a quien correspondía la referida cantidad, la liberara a favor de esa parte.[8]

En reacción, Rodríguez Asfalto instó su alegación responsiva, la cual fue enmendada, el 20 de noviembre de 2023.[9] Por su parte,

---

[3] Contrato de obra número 2020-000203.
[4] Apéndice del recurso, a la pág. 44.
[5] *Íd.*, a las págs. 4-5.
[6] *Íd.*, a las págs. 44-45.
[7] 32 LPRA Ap. V, R. 19.
[8] Apéndice del recurso, a la pág. 46.
[9] *Íd.,* a las págs. 48-51.

IGC presentó su *Contestación a la demanda* el 28 de noviembre de 2023.[10]

Como parte de las incidencias procesales, IGC también presentó una *Demanda contra co-parte* contra Rodríguez Asfalto.[11] Adujo que Rodríguez Asfalto le solicitó que efectuara unos trabajos adicionales, requeridos por la Autoridad de Carreteras a través de la Orden de Cambio G. Aseveró que la cantidad adeudada por el Contratista ascendía a $45,136.55 dólares, dado a que las partes, alegadamente, habían acordado una compensación ante el atraso del pago de una factura.[12] A tenor, solicitó la liberación de la cantidad consignada por la Autoridad de Carreteras a su favor, como pago parcial de la deuda. En respuesta, Rodríguez Asfalto contestó la demanda contra coparte.[13] Adujo que en el subcontrato que suscribió con IGC se pactó que esta realizaría trabajos de *micro surfing y crack sealing and filling* en la autopista en cuestión, desde el kilómetro 13.2 al 14, por una cantidad global de $161,732.00 dólares. De manera que todos los trabajos que IGC realizó en el referido tramo serían pagados mediante la entrega de la cantidad global antes señalada. Así, pues, alegó que trabajos efectuados por IGC estaban comprendidos en el subcontrato, por lo que no le adeudaba cantidad adicional alguna.

Subsiguientemente, el 18 de diciembre de 2023, Rodríguez Asfalto incoó una *Demanda contra co-parte* contra IGC.[14] Arguyó que IGC le adeudaba una serie de documentos necesarios para evidenciar a la Autoridad de Carreteras el cumplimiento con los trabajos requeridos, con el fin de cerrar el proyecto, y que el aludido subcontratista se ha negado a entregarlos. Afirmó, en síntesis, que, a consecuencia de lo anterior, la Autoridad de Carreteras le impuso

---

[10] Apéndice del recurso, a las págs. 52-54.
[11] *Íd.,* a las págs. 55-57.
[12] *Íd.,* a la pág. 56.
[13] *Íd.,* a las págs. 58-62.
[14] *Íd.,* a las págs. 63-68.

una serie de multas, por lo que solicitó se condenara a IGC al pago de cierta suma de dinero, así como al pago de cualquier multa, penalidad o pago de salario por cualquier incumplimiento laboral. Además, sostuvo que se le debía condenar al pago de una cantidad no menos de $150,000 dólares por los efectos que ha producido su incumplimiento.[15] En reacción, IGC presentó su contestación a la demanda contra coparte presentada por Rodríguez Asfalto.[16] Arguyó que toda la documentación requerida por la Autoridad de Carreteras fue entregada durante el transcurso de la obra, y que, recién a la fecha, se la volvió a remitir a Rodríguez Asfalto.[17] A tenor, sostuvo que la demanda contra coparte no presentaba ninguna causa de acción que diera lugar a la concesión de un remedio. Además, arguyó que los daños alegados eran improcedentes.

En el interín, y a solicitud de la Autoridad de Carreteras, el 7 de febrero de 2024, el TPI emitió y notificó una *Sentencia Parcial.*[18] En la misma, el foro *a quo* declaró *Con Lugar* la consignación de fondos realizada por esta parte y dispuso, en síntesis, que se continuarían los procesos en cuanto a las dos demandas contra coparte.

Trabadas las controversias en las dos demandas contra coparte, el 8 de abril de 2024, Rodríguez Asfalto presentó una solicitud de sentencia sumaria.[19] En síntesis, sostuvo que no existía controversia en cuanto a que, conforme al subcontrato suscrito entre las partes, IGC no era acreedor de ninguna suma adicional de dinero por parte del Contratista.[20] No obstante, admitió que le adeudaba una suma que asciende a $3,873.87 dólares, y afirmó que nunca se ha negado a pagar la misma.[21] A esos efectos, solicitó al

---

[15] Apéndice del recurso, a las págs. 67-68.
[16] *Íd.*, a las págs. 69-72.
[17] *Íd.*, a la pág. 71.
[18] *Íd.*, a las págs. 73-74.
[19] *Íd.,* a las págs. 75-117.
[20] *Íd.*, a la pág. 76.
[21] *Íd.*, a la pág. 82.

tribunal de instancia que declarara con lugar su solicitud de sentencia sumaria, así como cualquier otro pronunciamiento que en derecho y justicia correspondiera.[22] Por su parte, IGC presentó su oposición.[23]

Evaluadas las posturas de las partes, el 4 de junio de 2024, notificada el 6 del mismo mes y año el foro primario emitió la *Sentencia* que nos ocupa.[24] En la *Sentencia,* el TPI incluyó veintidós (22) determinaciones de hechos incontrovertidos y esbozó sus conclusiones de derecho. A tenor, declaró *Ha Lugar* la solicitud de sentencia sumaria presentada por Rodríguez Asfalto y ordenó la liberación de los fondos consignados en el Tribunal a favor de la antedicha parte.

En desacuerdo, el 18 de junio de 2024, IGC incoó una *Solicitud de reconsideración,*[25] la cual fue denegada mediante *Orden* notificada el 11 de junio de 2024.[26]

Aun insatisfecha con el curso decisorio, el 6 de agosto de 2024, IGC presentó un recurso de *Apelación.* Por su parte, el 5 de septiembre de 2024, Rodríguez Asfaltó presentó *Alegato de la parte apelada.* Con el beneficio de la comparecencia de las partes, procederemos a esbozar el derecho aplicable.

II

**A. La Sentencia Parcial**

La Regla 42.1 de las Reglas de Procedimiento Civil, define la Sentencia como "cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse".[27] A esos efectos, una sentencia es final y definitiva cuando se resuelve el caso en sus méritos y se pone fin al litigio

---

[22] Apéndice del recurso, a la pág. 89.
[23] *Íd.*, a las págs. 118-194.
[24] *Íd.*, a las págs. 1-16.
[25] *Íd.*, a las págs. 17-36.
[26] *Íd.*, a la pág. 42.
[27] 32 LPRA Ap. V, R. 42.1.

entre las partes mediante una adjudicación final, de modo que sólo quede pendiente la ejecución de la sentencia.[28] Por otra parte, es menester acentuar que una sentencia adjudica las controversias de un caso cuando define los derechos de las partes y contra ella puede incoarse un recurso de apelación.[29]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha resuelto que, "si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la resolución referida constituye una sentencia final de la cual puede interponerse un recurso de apelación".[30] Sabemos que el nombre no hace la cosa, por ello, es necesario examinar la determinación del foro de instancia para asegurarnos si esta constituye una resolución revisable, mediante certiorari o si se trata de una sentencia, la cual es apelable. No es muy difícil concluir que existe una diferencia conceptual categórica entre una "resolución" y una "sentencia". Ninguna de las dos constituye un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. Una resolución pone fin a un incidente dentro del proceso judicial, mientras que una sentencia pone fin a la controversia entre las partes mediante una adjudicación final.[31]

Ahora bien, la labor de clasificar un dictamen como resolución o sentencia resulta un tanto más complejo en aquellos casos que entrañan reclamaciones o partes múltiples. En ocasiones, dentro de un procedimiento de esta naturaleza, se hace innecesario esperar a resolver todas las reclamaciones, por lo que el tribunal puede dictar sentencia parcial sobre una u otra de las reclamaciones. Ello, sin necesidad a esperar a estar en condiciones de dictar sentencia final

---

[28] *Johnson & Johnson v. Mun. de San Juan*, 172 DPR 840, 848 (2007); *García v. Padró*, 165 DPR 324, 331-332 (2005); *U.S. Fire Insurance Co. v. A.E.E.*, 151 DPR 962, 967 (2000).
[29] *Johnson & Johnson v. Mun. de San Juan*, supra, a la pág. 848.
[30] *Banco Santander v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996).
[31] *García v. Padró*, supra, a la pág. 333; *U.S. Fire Ins. Co., v. A.E.E.*, supra, a la pág. 967.

y disponer sobre todo lo reclamado.[32] Cónsono con lo anterior, la Regla 42.3 de las Reglas de Procedimiento Civil, establece el mecanismo procesal que tienen a su disposición los tribunales en este tipo de caso. La referida regla dispone lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.

> Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.[33]

El antes mencionado mecanismo lo tienen a disposición los tribunales cuando en un pleito de múltiples reclamaciones o múltiples partes se dicta sentencia para adjudicar menos del total de las reclamaciones o de los derechos u obligaciones de menos de la totalidad de las partes. Así, pues, esta regla permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos de una de las partes en un pleito o disponga únicamente en cuanto una o algunas de las reclamaciones .[34] En otras palabras, para que se entienda que un tribunal ha dictado una sentencia parcial final, según la referida Regla 42.3, ésta debe concluir expresamente que no existe razón para posponer el dictamen de una sentencia para disponer sobre la reclamación y tiene que haber ordenado expresamente que ésta se registre y archive.[35] Ausente ambos requisitos, cualquier orden o forma de decisión que

---

[32] *U.S. Fire Ins. Co., v. A.E.E.,* supra, a la pág. 967.

[33] 32 LPRA Ap. V, R. 42.3.

[34] *U.S. Fire Insurance Co. v. A.E.E.*, supra, a la pág. 968; *Camaleglo v. Dorado Wings*, 118 DPR 20, 26 (1986).

[35] *Johnson & Johnson v. Mun. de San Juan*, supra, a la pág. 849; *U.S. Fire Ins. Co. v. A.E.E.*, supra, a la págs. 968-969.

adjudique menos de la totalidad de las partes o reclamaciones, no finaliza el pleito y se entiende que se trata de una resolución interlocutoria, que podrá revisarse solo mediante recurso de certiorari.[36] Ahora bien, su revisión dependerá si el recurso cumple con los requisitos exigidos por la Regla 52.1 de Procedimiento Civil.[37]

**B. Expedición del recurso de *Certiorari***

En mérito de lo antes expuesto, puntualizamos que el recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[38] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[39] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[40] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[41]

La Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[36] *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 95; *García v. Padró*, supra, a las págs. 333–334.

[37] 32 LPRA Ap. V, R. 52.1. *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 99.

[38] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[39] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

[40] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

[41] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, a la pág. 435.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [42]

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[43] Quiérase decir, que no hemos de interferir con los Tribunales de Primera Instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[44]

Por último, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[45]

III

De entrada, precisa acentuar que de una mirada al expediente ante nos, así como al expediente judicial ante el foro de instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), revela que, conforme a la Regla 42.3 de Procedimiento Civil,[46] esta

---

[42] 4 LPRA Ap. XXII-B, R.40.
[43] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[44] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[45] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008).
[46] 32 LPRA Ap. V, R. 42.3.

Curia no cuenta con autoridad para revisar el dictamen objeto de este recurso como una apelación.[47] Elaboramos.

En el presente caso, la Autoridad de Carreteras presentó una *Demanda,* al amparo de la Regla 19 de las de Procedimiento Civil,[48] y, subsiguientemente, consignó unos dineros para que fuese el TPI quien determinara a cuál de los codemandados correspondía. Así, tanto IGC como Rodríguez Asfalto, presentaron sus correspondientes alegaciones responsivas. De ahí, el foro de instancia emitió una *Sentencia Parcial,* mediante la cual autorizó la consignación de los dineros, lo que dio paso al trámite que nos ocupa. Es decir, el trámite que quedó pendiente fue determinar si los dineros consignados pertenecían a IGC o a Rodríguez Asfalto.

Subsiguientemente, IGC presentó una *Demanda contra co-parte* contra Rodríguez Asfalto. Siguiendo el mismo curso de acción, Rodríguez Asfalto presentó una *Demanda contra co-parte* contra IGC. En el pliego presentado por IGC, este solicitó que se condenara a Rodríguez Asfalto a pagarle por la presunta ejecución de unos trabajos adicionales a los pactados. Por su parte, en el pliego presentado por Rodríguez Asfalto, este solicitó la entrega de ciertos documentos por parte de IGC, necesarios para evidenciar que se efectuaron los trabajos pactados. Además, peticionó que se condenara al referido subcontratista a pagar una suma de dinero por los daños sufridos ante el incumplimiento con la entrega de los referidos documentos. Tanto Rodríguez Asfalto como IGC, contestaron las demandas contra coparte en su contra.

En el interín, Rodríguez Asfalto presentó una solicitud de sentencia sumaria **parcial**. En su escrito, solicitó al foro de instancia que declarara que IGC no era acreedor de cantidad alguna de dinero

---

[47] *Torres Martínez v. Torres Ghigliotty,* supra, a la pág. 95 (2008); *García v. Padró,* supra, a las págs. 333–334.
[48] 32 LPRA Ap. V, R.19.

adicional por los trabajos realizados. En esencia, vemos que su solicitud no es otra cosa que un petitorio para que se dispusiera, mediante este mecanismo, del pliego presentado por IGC. Consecuentemente, el tribunal apelado, luego de dar por sometidos los sendos escritos presentados por las partes, dispuso declarar *Ha Lugar* la solicitud instada por Rodríguez Asfalto. En consecuencia, ordenó la liberación de los fondos consignados al tribunal, a favor del aludido Contratista.

Ahora bien, según la discusión que precede, es de ver que, en el presente caso, el foro de instancia tenía ante sí dos (2) controversias. La *primera*, era la demanda contra coparte instada por IGC, mientras que la *segunda*, era la demanda contra coparte instada por Rodríguez Asfalto. Fue a raíz de la solicitud de sentencia sumaria, instada por esta última parte, que el tribunal *a quo* **dispuso de una de las controversias** en este caso, la instada por la propia parte apelante. Entiéndase, el foro de instancia dispuso sobre la reclamación de una cuantía adicional por los trabajos realizados por IGC, resolviendo que procedía la liberación de los fondos consignados, a favor de Rodríguez Asfalto.

Sin embargo, es claro que, al emitir la *Sentencia* apelada, el TPI **nada dispuso** en cuanto la reclamación instada por Rodríguez Asfalto en su demanda contra coparte. Menos aún, incluyó en la *Sentencia* apelada, al resolver la solicitud de sentencia sumaria, que se hiciera innecesario esperar a la total resolución del pleito para resolver las reclamaciones pendientes ante su consideración.

Según reseñamos en nuestra previa exposición doctrinal, el tribunal de instancia, en un pleito con múltiples reclamaciones, utilizando el mecanismo procesal que provee la Regla 42.3 de Procedimiento Civil,[49] puede dictar sentencia parcial sobre unas

---

[49] 32 LPRA Ap. V, R. 42.3.

reclamaciones sin necesidad de esperar a que esté en condiciones de dictar sentencia final.[50] No obstante, será necesario que concluya expresamente que no existe razón para posponer dictar sentencia sobre tal reclamación hasta la resolución final del pleito. Además, debe ordenar expresamente a que se registre la sentencia y archive en autos copia de la notificación. Solo así, comenzarán a transcurrir los términos para acudir en revisión del dictamen.[51]

Si el tribunal no cumple con los antedichos requisitos, como ocurrió en el caso de marras, se entenderá que el dictamen emitido se trata de una resolución interlocutoria, de modo que podrá revisarse únicamente mediante un recurso de *Certiorari*.[52]

Por consiguiente, ante la omisión del tribunal instancia con los requisitos de forma exigidos por la Regla 42.3 de Procedimiento Civil[53] y según adelantamos, nos es forzoso acoger el presente recurso como un auto de *Certiorari*.

Ahora bien, según reseñamos en nuestra previa exposición doctrinal, en los casos de incumplimiento con la referida Regla 42.3, la revisión del dictamen por esta Curia dependerá si el recurso cumple con la Regla 52.1 de Procedimiento Civil.[54] Tras un detenido examen de los autos antes nuestra consideración, coincidimos en que este caso no puede acogerse al amparo de la 52. 1, *ergo*, denegamos la expedición del mismo.

IV

Por los fundamentos que anteceden, acogemos el recurso ante nos como un *Certiorari* y denegamos la expedición del mismo. En consecuencia, se devuelve el caso al foro primario para la

---

[50] *U.S. Fire Ins. Co., v. A.E.E.,* supra, a la pág. 967.
[51] 32 LPRA Ap. V, R. 42.3.
[52] *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 95; *García v. Padró*, supra, a las págs. 333–334.
[53] 32 LPRA Ap. V, R. 42.3.
[54] 32 LPRA Ap. V, R. 52.1. *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 99.

continuación de los procedimientos una vez se notifique el correspondiente mandato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones