ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JÚPITER PROPERTY MANAGEMENT, LLC, Recurrida, v. ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES; JUNTA DE PLANIFICACIÓN DE PUERTO RICO, Peticionaria. | KLCE202401114 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala Superior de Cataño. Civil núm.: CT2021CV00011. Sobre: expropiación forzosa a la inversa; daños y perjuicios. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de diciembre de 2024.

El 15 de octubre de 2024, el Estado Libre Asociado de Puerto Rico, su Departamento de Recursos Naturales y Ambientales, y su Junta de Planificación, por conducto de la Oficina del Procurador General (el Estado o peticionaria), instaron este *Certiorari Civil.* En síntesis, el Estado solicita que este Tribunal expida el auto discrecional de *certiorari* y revoque la *Sentencia Parcial*[1] dictada por el Tribunal de Primera Instancia, Sala Superior de Cataño, el 5 de febrero de 2024, notificada el 8 de febrero siguiente. En ella, el foro primario concluyó que el pleito trataba de un caso típico de expropiación, por vía de reglamentación y privación de uso productivo[2].

---

[1] En su determinación, el foro primario concluyó que sí había mediado una incautación reglamentaria por parte del Estado y, en su denegatoria de reconsideración del 16 de septiembre de 2024, concluyó que la causa de apelación de expropiación a la inversa no estaba prescrita, por lo que tales determinaciones no finalizaron el caso. Así pues, se trata de resoluciones revisables ante nos mediante el recurso de *certiorari*. A esos efectos, véase, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008); *U.S. Fire Ins. Co. v. Autoridad de Energía Eléctrica*, 151 DPR 962, 967 (2000).

[2] Se trata de la creación de la *Reserva Natural de la Ciénaga Las Cucharillas*, que ubica en el área metropolitana.

Número identificador

RES2024_____

Posteriormente, y ante la solicitud de reconsideración del Estado, el foro primario emitió y notificó una *Resolución* el 16 de septiembre de 2024, en la que denegó la reconsideración, aunque aclaró que la causa de acción instada por la parte recurrida, Júpiter Property Management, LLC (Júpiter o recurrida), no estaba prescrita.

Inconforme, el Estado presentó este recurso y señaló la comisión de dos errores; a decir, que el tribunal había errado al concluir que al designarse el área - que incluye la propiedad de la recurrida - como reserva natural y clasificarse la zonificación como Distrito PR o de preservación de recursos, se había configurado una privación de la propiedad de todo uso productivo y, por tanto, se había constituido una incautación por vía de reglamentación. Además, planteó que el tribunal había errado en concluir que la acción de expropiación a la inversa no estaba prescrita.

Por su parte, Júpiter se opuso a la expedición del recurso el 22 de noviembre de 2024.

Evaluados los sendos escritos de las partes comparecientes, así como el voluminoso apéndice del recurso, a la luz del derecho aplicable, este Tribunal concluye que no concurre criterio alguno de los establecidos en la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Ello, pues del expediente no surge un abuso de discreción atribuible al Tribunal de Primera Instancia, así como tampoco error de derecho alguno, que amerite que dejemos sin efecto la resolución emitida. Por tanto, **denegamos la expedición del recurso**.

Notifíquese.

La juez Lebrón Nieves expediría el recurso y revocaría al foro primario.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones