Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| LUZ ENILDA CANCEL MORALES<br><br>Apelante<br><br>v.<br><br>FRANCISCO ROMÁN MEDINA; COOPERATIVA DE AHORRO Y CRÉDITO PEPINIANA Y OTROS<br><br>Apelados | KLAN202300592 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm.: SS2020CV00440<br><br>Sobre: Incumplimiento de con Contrato, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece la señora Luz Enilda Cancel Morales (en adelante "señora Cancel" o "peticionaria") y nos solicita que revoquemos la *Sentencia Enmendada* dictada por por el Tribunal de Primera Instancia, Sala Superior de San Sebastián (en adelante "TPI o foro primario"), el 5 de junio de 2023, notificada y archivada en autos el 7 de junio de 2023. Mediante el referido dictamen, el TPI declaró *Ha Lugar* una *Solicitud de Sentencia Sumaria* presentada por la Cooperativa de Ahorro y Crédito Pepiniana (en adelante "Cooperativa Pepiniana") y desestimó con perjuicio la *Demanda* con relación a la Cooperativa Pepiniana. Además, el TPI imputó el pago de costas y honorarios de abogado por la cuantía de $3,500.00 contra la señora Cancel.

Sin embargo, de una lectura de la Sentencia Enmendada, observamos que la referida causa de acción quedó pendiente ante el foro primario, conforme exigen las Reglas 42.1 y 42.3 de Procedimiento Civil, 32 LPRA Ap. V. R.42.1 y 42.3.

Por los fundamentos que expondremos a continuación, se desestima la Apelación por falta de jurisdicción, por ser el recurso uno prematuro.

**I**

El presente caso surge a raíz de un pleito anterior, Civil Núm. A2CI201600393, sobre incumplimiento de contrato instado por el señor Francisco Román Medina (en adelante "señor Román) contra: (1) la corporación Quesos del País La Esperanza, Inc. (en adelante "La Esperanza, Inc.), (2) el señor Guadalupe Acevedo Ortiz (en adelante "señor Acevedo"), (3) su esposa "Fulana de Tal" y (4) a la sociedad legal de gananciales compuesta por ambos. Sobre el referido pleito, el TPI declaró *Ha Lugar* la *Demanda* y dictó *Sentencia* imputando el pago de $702,601.00 a favor del señor Román. Tras concederse una orden de ejecución de sentencia mediante embargo, el alguacil del tribunal diligenció la misma en la Cooperativa Pepiniana. En consecuencia, la Cooperativa Pepiniana reconoció a la esposa del señor Acevedo como la señora Cancel y entregó su dinero al alguacil. Posteriormente, la señora Cancel intervino en el pleito solicitando la devolución de su dinero y la descongelación de sus acciones en la Cooperativa Pepiniana bajo el fundamento de que nunca fue emplazada ni acumulada en el pleito. A esos efectos, el TPI ordenó la devolución del dinero embargado y a descongelar las mencionadas acciones.

Por las circunstancias anteriores, el 2 de octubre de 2020, la señora Cancel presentó una *Demanda* contra la Cooperativa Pepiniana y el Sr. Román mediante la cual alegó incumplimiento de contrato, embargo ilegal y daños y perjuicios.

Luego de varios tramites procesales, el 25 de febrero de 2021, la Cooperativa Pepiniana presentó su *Contestación a Demanda* donde sostuvo que sus actos fueron conforme a la Orden y

Mandamiento del TPI y en virtud de los contratos suscritos por las partes.

El 22 de noviembre de 2022, la Cooperativa Pepiniana presentó una *Solicitud de Sentencia Sumaria* en la cual solicitó la desestimación del caso arguyendo lo siguiente: (1) la señora Cancel no informó que estaba casada bajo el régimen de separación de bienes; (2) conforme a la Orden de embargo judicial y a las obligaciones contractuales vigentes con la señora Cancel, estaban impedidos de negar información de sus cuentas; y (3) por habérsele devuelto la totalidad del dinero y liquidado sus acciones.

Tras varias concesiones de prórrogas e incumplimientos con las órdenes por parte de la señora Cancel, el TPI dio por sometido el asunto para su adjudicación sin oposición a la *Solicitud de Sentencia Sumaria.*

El 5 de abril de 2023, el TPI dictó Sentencia, notificada el 10 de abril de 2023, declarando *Ha Lugar* la *Solicitud de Sentencia Sumaria* y desestimó con perjuicio la Demanda en su totalidad a favor de la Cooperativa Pepiniana y el Sr. Román. Más, le imputó a la señora Cancel el pago de costas y honorarios.

Oportunamente, el 25 de abril de 2023, la señora Cancel presentó una *Moción de Reconsideración y/o Determinaciones y Conclusiones Adicionales.* Mediante la referida moción alegó, entre otros asuntos, que el TPI violentó su debido proceso de ley y actuó en contravención a las exigencias de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, al dictar un remedio sumario a favor del Sr. Román sin habérsele notificado el mismo, ya que éste no era promovente ni promovido a la solicitud de sentencia sumaria presentada por la Cooperativa Pepiniana.

Por otro lado, el 17 de mayo de 2023, la Cooperativa Pepiniana presentó una *Moción en cumplimiento de Orden y en Oposición a Moción de Reconsideración y/o para Determinaciones y Conclusiones*

*Adicionales.* En el cual alegó, entre otros asuntos, que la señora Cancel dejó pasar todos los términos pese a que se le otorgó varias oportunidades para que compareciera y no lo hizo.

Así las cosas, el 5 de junio de 2023, el TPI dictó *Sentencia Enmendada* en la cual resolvió como sigue:

> [D]eclaramos "ha lugar" la solicitud de sentencia sumaria presentada por la Cooperativa de Ahorro y Crédito Pepiniana y, en consecuencia, desestimamos con perjuicio la Demanda de epígrafe en su contra, imponiéndole a la Sra. Cancel las costas y gastos relacionados con la tramitación del caso, así como honorarios de abogados, este último en la cuantía de $3,500.00.
>
> **REGISTRE Y NOTIFÍQUESE.**

Inconforme con tal determinación, el 7 de julio de 2023, la señora Cancel acude ante nosotros mediante recurso de Apelación. Mediante este, adujo que el TPI cometió los siguientes errores:

> **PRIMER ERROR:** El Tribunal de Primera Instancia erró al dictar sentencia sumaria, pues, aplicó incorrectamente la presunción de gananciabilidad establecida en <u>BBVA v. López Montes</u>, *supra*, y adjudicó asuntos de estado mental que no podían resolverse mediante sentencia sumaria.
>
> **SEGUNDO ERROR**: El Tribunal de Primera Instancia erró en su aplicación del estándar aplicable al evaluar una solicitud de sentencia sumaria en su modalidad de insuficiencia de la prueba. El foro recurrido no tuvo ante si evidencia que demostrara la existencia del hecho base para aplicar la presunción que aplicó, ni tuvo ante evidencia de que la presunción no podía ser rebatida.
>
> **TERCER ERROR:** Erró el Tribunal de Primera Instancia al imponerle a la apelante el pago de honorarios cuando no hubo una determinación de temeridad, ni hubo temeridad.
>
> **CUARTO ERROR:** El Tribunal de Primera Instancia abusó de su discreción al imponerle a la demandante $3,500.00 en honorarios de abogados, por ser una cantidad excesiva.

En consecuencia, el 3 de agosto de 2023, la Cooperativa Pepiniana presentó su Alegato en Oposición a Apelación.

Con el beneficio de la comparecencia escrita de ambas partes, damos estos por perfeccionados y procedemos a resolver.

**II**

**A. Jurisdicción**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. <u>Cobra</u>

Acquisitions, LLC v. Municipio de Yabucoa y otros, 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior Development, LLC. v. Autoridad para el Financiamiento de la Vivienda de Puerto Rico, 209 DPR 203, 208 (2022).

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. Pueblo v. Ríos Nieves, *supra;* Pérez Soto v. Cantera Pérez, Inc., *et al.*, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves, *supra*; Pérez Soto v. Cantera Pérez, Inc., *et al.*, *supra.* Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.* Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003).

Así pues, estamos imposibilitados de atender recursos prematuros o tardíos. En lo particular, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). En virtud de ello, carece de eficacia y no produce efectos jurídicos. Íd., págs. 97-98. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad

judicial para acogerlo. Carattini v. Collazo Syst. Analysis, Inc., *supra*, pág. 370.

Cónsono con lo anterior, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso por falta de jurisdicción. Regla 83(B)(1) y (C) de Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Sin embargo, la desestimación de un recurso por prematuro le permite a la parte recurrente volver a presentarlo una vez el foro apelado resuelva lo que tenía ante su consideración o cumpla con los rigores que dispone nuestro ordenamiento sobre una efectiva notificación de un dictamen. *Véase*, Pueblo v. Ríos Nieves, *supra;* Yumac Home v. Empresas Massó, 194 DPR 96, 107 (2015).

**B. Sentencia Parcial**

La Regla 42.1 de Procedimiento Civil, *supra,* diferencia lo que constituye una resolución y una sentencia. A tales efectos, la referida regla dispone:

> [E]l término "sentencia" incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse. El término "resolución" incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial.

Por lo tanto, una sentencia es final y definitiva cuando se resuelve el caso en sus méritos y pone fin al litigio entre las partes mediante una adjudicación final, de tal manera que sólo queda pendiente la ejecución de la sentencia. *Johnson & Johnson v. Mun. de San Juan,* 172 DPR 840, 848 (2007); *García v. Padró,* 165 DPR 324, 331-332 (2005); *U.S. Fire Insurance Co. v. A.E.E.,* 151 DPR 962, 967 (2000). De manera que una sentencia adjudica las controversias de un caso, si define los derechos de las partes y contra ella puede incoarse un recurso de apelación. *Íd.*, pág. 967.

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha resuelto que, "si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la

resolución referida constituye una sentencia final de la cual puede interponerse un recurso de apelación". *Banco Santander v. Fajardo Farms Corp.*, 141 DPR 237, 244 (1996). En otras palabras, el nombre *no* hace la cosa. Por ello, es necesario examinar la determinación del foro primario para asegurarnos si esta constituye una resolución revisable, mediante *certiorari* o si se trata de una sentencia, la cual es apelable. *Johnson & Johnson v. Mun. de San Juan, supra,* pág. 848; *García v. Padró, supra,* pág. 333.

Ahora bien, la labor de clasificar un dictamen como resolución o sentencia resulta un tanto más complejo en aquellos casos que entrañan reclamaciones o partes múltiples. A veces dentro de un procedimiento de esta naturaleza se hace innecesario esperar a resolver todas las reclamaciones y el tribunal puede dictar sentencia sobre una u otra de las reclamaciones sin necesidad a esperar a que esté en condiciones de dictar sentencia sobre todas las reclamaciones. *U.S. Fire Ins. Co., v. A.E.E., supra,* pág. 967.

Cónsono con lo anterior, la Regla 42.3 de Procedimiento Civil, *supra,* establece el mecanismo procesal que tienen a su disposición los tribunales en este tipo de caso para dictar sentencia. La referida regla dispone lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.
>
> Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.

Lo anterior permite emitir a una Sentencia Parcial que únicamente resuelva los derechos de una de las partes en un pleito. *García v. Padró, supra; U.S. Fire Insurance Co. v. A.E.E., supra,* a la pág. 968; *Camaleglo v. Dorado Wings,* 118 DPR 20, 26 (1986). En otras palabras, para que se entienda que un tribunal ha dictado una sentencia parcial final, según la Regla 42.3, *supra,* tiene que cumplir con dos requisitos, a saber: (1) el juzgador debe expresar clara e inequívocamente que no existe razón para posponer el dictamen de una sentencia sobre la reclamación hasta la adjudicación total del pleito, y (2) el juzgador debe ordenar expresamente que se registre y archive esa sentencia. *Johnson & Johnson v. Mun. de San Juan, supra,* pág. 849; *U.S. Fire Ins. Co. v. A.E.E., supra,* págs. 968-969. Ausente ambos requisitos, cualquier orden o forma de decisión que adjudique menos de la totalidad de las partes, no finaliza el pleito y se entiende que se trata de una resolución interlocutoria. *Torres Martínez v. Torres Ghigliotty, supra,* pág. 95.

**III**

En el presente *Recurso de Apelación,* la apelante alegó que el TPI erró al dictar sentencia sumaria en su modalidad de insuficiencia de la prueba y que aplicó incorrectamente la presunción de gananciabilidad establecida en *BBVA v. López Montes, supra.* Además, la apelante alegó que el TPI abusó de su discreción al imponer una cuantía excesiva de honorarios de abogados en ausencia de una determinación de temeridad.

Al revisar el expediente ante nuestra consideración nos percatamos que el TPI, al emitir la *Sentencia* inicial disponía de la totalidad de pleito. Sin embargo, cuando emite la *Sentencia Enmendada* no adjudicó todas las reclamaciones existentes, ya que tomó una determinación en cuanto a la Cooperativa Pepiniana, y eliminó su determinación de desestimar la causa de acción a favor

del Sr. Román. Por tanto, la misma se convertía en una Sentencia Parcial para desestimar únicamente a favor de la Cooperativa Pepiniana. Dado que en la misma no se incluyeron las palabras requeridas para ello por la Regla 42.3 de Procedimiento Civil, *supra,* la misma tampoco puede considerarse una Sentencia Parcial.

A la luz de lo anterior, es forzoso concluir que la presentación del *Recurso de Apelación* de epígrafe fue prematura porque el mismo no tuvo la finalidad de una Sentencia, tan siquiera como Sentencia Parcial. Por tanto, en vista de que la *Sentencia* aquí apelada no se encuentra perfeccionada, este tribunal carece de jurisdicción.

**IV**

Por los fundamentos expuestos, se *desestima* el presente recurso por falta de jurisdicción ante la presentación prematura del mismo.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones