Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JUAN CARLOS VEGA MARTÍNEZ<br><br>Apelante<br><br>v.<br><br>JOSÉ TORAL MUÑOZ; FUNDACIÓN RIGOBERTO FIGUEROA FIGUEROA, CORP.<br><br>Apelado | KLAN202400106 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre:<br>Ley de Corporaciones, *Injunction* (Entredicho provisional, *Injunction* Preliminar y Permanente)<br><br>Caso Número:<br>BY2023CV04591 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

Comparece ante nos Juan Carlos Vega Martínez (en adelante, peticionario), y nos solicita que dejemos sin efecto una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Bayamón, el 8 de diciembre de 2023, notificada el 12 del mismo mes y año. Mediante la misma, el foro primario desestimó una petición de *injunction* estatuario presentada por el peticionario al amparo del Artículo 7.15 de la Ley General de Corporaciones, Ley Núm. 164-2009, 14 LPRA sec. 3655.

Por los fundamentos que expondremos a continuación, se acoge el presente recurso como uno de *certiorari* y se deniega la expedición del auto solicitado.

### I

El 17 de agosto de 2023, el peticionario, en calidad de miembro de la Junta de Directores de la Fundación Rigoberto Figueroa Figueroa, Corp., presentó una petición de *injunction*

Número Identificador

RES2024 _____

estatuario según dispuesto en el Artículo 7.15 de la Ley General de Corporaciones, *supra*. En el pliego, alegó que José Toral Muñoz (en adelante, el recurrido), quien ocupaba los cargos de presidente y tesorero de la Junta de Directores (en adelante, Junta) de la aludida corporación, incumplió con su deber al dejar de convocar una reunión para nombrar a un tercer miembro a la Junta, y celebrar las dos (2) reuniones anuales, alegadamente requeridas por los estatutos corporativos. A su vez, adujo que el recurrido no visitaba las oficinas de la corporación hacía dos (2) años. Por ello, planteó que el recurrido faltó a su deber de fiducia por abandono y falta de compromiso con los deberes de los cargos de presidente y tesorero de la Corporación. Así, argumentó que en virtud del Artículo 7.15 de la Ley Núm. 164, *supra*, se debía decretar que este no podía continuar ejerciendo los antedichos cargos, por violación a su deber de fiducia.

El 27 de septiembre de 2023, el recurrido contestó la demanda, y, a su vez, reconvino en contra del peticionario. En el escrito, sostuvo que el peticionario no había desempeñado su cargo de director de la Junta con la debida diligencia, por lo cual, conforme al Artículo 19 de los estatutos de la Corporación, debía ser cesado del mismo. Además, alegó que, al morir Rigoberto Figueroa Figueroa, el peticionario le debía siete mil quinientos dólares ($7,500.00), cantidad que luego le debía a su Sucesión. Según indicó, para pagar la requerida cantidad, el peticionario le propuso al director ejecutivo de la Corporación, Rafael Cintrón Perales (en adelante, Cintrón Perales), que lo contratara como director general de un especial de navidad de la Corporación, por la cantidad de nueve mil quinientos dólares ($9,500.00). Se planteó que de este modo, el peticionario canceló la deuda que tenía con la Sucesión y cobró dos mil dólares ($2,000.00), sin llevar el asunto ante la consideración de la Junta, en contravención al Artículo 14 de los estatutos de la Corporación.

Por último, el recurrido sostuvo que, contrario a lo alegado en la *Demanda,* el peticionario, era quien había obstaculizado el nombramiento de un tercer director a la Junta. En virtud de lo expuesto, peticionó al foro primario que declarara con lugar la *Reconvención.*

El mismo día que presentó su contestación a la demanda, el recurrido incoó una *Moción de Desestimación.* En esta, expuso que el *injunction* estatutario establecido en el Artículo 7.15 de nuestra Ley General de Corporaciones, *supra,* no podía invocarse para dirimir alegaciones de incumplimiento con los deberes de fiducia o mala conducta. Fundamentó su posición en la Sección 225(a) de Ley de Corporaciones del estado de Delaware y su jurisprudencia interpretativa.

El 23 de octubre de 2023, el peticionario se opuso a la solicitud de desestimación. En el escrito, solicitó autorización para enmendar la demanda, a los fines de añadir una solicitud de sentencia declaratoria como vehículo procesal alterno para atender las controversias presentadas. Incluyó la referida demanda enmendada a su petitorio.

En reacción, el 24 de octubre de 2023, el recurrido presentó una *Réplica a Opción a Moción de Desestimación.* En la misma, indicó que no se oponía a que el peticionario enmendara la demanda. Sin embargo, sostuvo que, en la medida en que el peticionario mantuvo su causa de acción al amparo del Artículo 7.15 de la Ley General de Corporaciones, *supra,* procedía la desestimación, según previamente había sido invocada.

Tras varias incidencias procesales, el 8 de diciembre de 2023, notificada el 12 del mismo mes y año, el tribunal de instancia desestimó la acción presentada por el peticionario, sin prejuicio. El aludido foro acogió los argumentos del recurrido, y concluyó que, "el Artículo 7.15 de la Ley General de Corporaciones, [*supra*], no provee

el remedio de *injunction* en casos donde se impugnen las actuaciones de un miembro de la junta de directores".[1] Además, determinó que, según lo resuelto por la Corte Suprema del estado de Delaware, el aludido remedio únicamente puede utilizarse para impugnar elecciones de miembros a la junta de directores. El tribunal de instancia enfatizó que, aunque el peticionario solicitó enmendar su demanda, continuó solicitando los remedios del aludido *injunction* estatutario, pero a través de una sentencia declaratoria. A tales efectos, razonó que, si en el presente caso no procedía la causa de acción original mediante un *injunction* estatutario, tampoco procedía mediante una sentencia declaratoria.[2] Nada se dispuso en la determinación sobre la reconvención.

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 7 de febrero de 2024, el peticionario acudió ante esta Curia mediante el presente recurso. En el mismo, formuló el siguiente planteamiento:

> Erró el TPI al denegar la solicitud de autorización para enmendar y disponer la continuación de los procedimientos al amparo de las disposiciones que rigen los recursos de sentencia declaratoria.

Luego de examinar el expediente ante nuestra consideración, y con el beneficio de la comparecencia de las partes, procedemos a expresarnos.

**II**

**A**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.,* 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean*

---

[1] Apéndice del recurso, pág. 25.
[2] Íd, pág. 27.

*Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al. v. ACBI et al.*, supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al. v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729; *García v. Asociación,* 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en

abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al. v. ACBI et al.*, supra, pág. 736.

**B**

El estado de Delaware se ha distinguido por ser pionero en la materia de corporaciones. Por ello, nuestra actual Ley General de Corporaciones utilizó como modelo la Ley de Corporaciones del estado de Delaware, para atemperar nuestro estatuto a las nuevas realidades corporativas. Véase, Exposición de Motivos de la Ley Núm. 164, *supra.* A tenor con lo anterior, nuestro Alto foro ha expresado que "las interpretaciones que hagan los tribunales de Delaware sobre su Ley General de Corporaciones tienen valor ilustrativo y persuasivo en [nuestra] jurisdicción". *Miramar Marine et al. v. Citi Walk et al.,* 198 DPR 684, 692 (2017); *Lloréns et al. v. Arribas et al.,* 184 DPR 32, 50 (2011).

En lo pertinente al caso de marras, precisa señalar que el Artículo 17.5(a) de nuestra Ley General de Corporaciones, *supra,* es una copia de la Sección 225(a) de la Ley de Corporaciones del estado de Delaware. Nuestro artículo estable que:

> [a] petición de cualquier accionista o director, o de cualquier oficial cuyo cargo esté siendo impugnado o cualquier miembro de una corporación sin acciones de capital, el Tribunal de Primera Instancia (Sala Superior) podrá oír a las partes y determinar la validez de cualquier elección, nombramiento, destitución o renuncia de cualquier director, miembro de un organismo directivo u oficial de cualquier corporación, así como el derecho de cualquier persona a ejercer o continuar ejerciendo tal cargo y, si el cargo fuere reclamado por más de una persona, podrá determinar a cuál de ellas le corresponde el mismo. [...].
>
> 14 LPRA sec. 3655.

Por su parte, la Sección 225 (a) de la Ley de Corporaciones del estado de Delaware, *supra*, al igual que nuestro Artículo dispone que:

[u]pon application of any stockholder or director, or any officer whose title to office is contested, the Court of Chancery may hear and determine the validity of any election, appointment, removal or resignation of any director or officer of any corporation, and the right of any person to hold or continue to hold such office, and, in case any such office is claimed by more than 1 person, may determine the person entitled thereto; [...].

En relación a la antedicha sección, el Tribunal Supremo de Delaware destacó que una causa de acción al amparo de la misma *"is not to be used for trying purely collateral issues, issues of director misconduct or other breaches of duty". Box v. Box*, 697 A.2d 395, 398 (1997). Igualmente, el referido foro indicó que el alcance de la Sección 225, *supra*, está limitado a determinar *"whether a person lawfully holds corporate office". Genger v. TR Investors, LLC*, 26 A.3d 180, 200 (2011).

**C**

La Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, establece que el término *sentencia* se refiere a toda determinación proveniente del foro de instancia que resuelve finalmente una cuestión litigiosa y de la cual puede interponerse el correspondiente recurso de apelación. Una sentencia es final y definitiva cuando dispone del caso en sus méritos, dando por terminada la controversia que trate, de manera tal que no quede otro asunto, salvo la ejecución de la misma. *Johnson & Johnson v. Mun. San Juan,* 172 DPR 840, 848 (2007); *García v. Padró,* supra, pág. 332; *U.S. Fire Insur. Co. v. A.E.E.,* 151 DPR 962, 967 (2000). De este modo, la sentencia es el resultado de la aplicación del derecho a los hechos que se consideran, siendo su principal efecto establecer de manera patente los derechos de las partes. *U.S. Fire Insur. Co. v.*

*A.E.E.*, supra, págs. 967-968 ; *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 656-658 (1987).

Por otro lado, la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, permite que, siempre que un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda de coparte o demanda contra tercero, o figuren en el mismo partes múltiples, el tribunal podrá dictar sentencia final, en cuanto a una o más de las reclamaciones o partes, sin disponer totalmente del caso, siempre que: 1) concluya expresamente que no existe razón para posponer dictar sentencia hasta la resolución final del mismo y; 2) ordene, a su vez, el registro de la sentencia. Incorporada la conclusión antes aludida, la sentencia parcial que en su día recaiga, será final en cuanto a la controversia que adjudica.   Por ende, luego de ordenado el registro y archivo en autos de su notificación, es que comienzan a decursar los términos para los procedimientos posteriores pertinentes. *Rodríguez v. Hospital*, 186 DPR 889, 906 (2012); *U.S. Fire Insur. Co. v. A.E.E.*, supra, págs. 968-969. *Torres Capeles v. Rivera Alejandro*, 143 DPR 300, 311-312 (1997); *Asociación de Propietarios v. Santa Bárbara Co.*, 112 DPR 33, 36 (1982).

Ahora bien, en la correcta interpretación de esta disposición estatutaria, nuestro estado de derecho ha sido enfático al establecer que, en defecto de estos requisitos, cualquier determinación que adjudique menos del total de las reclamaciones en un pleito, así como, menos de los derechos y obligaciones de las partes en el mismo, no da por concluido el mismo.  Dicho dictamen se considera como una *resolución interlocutoria*, revisable, únicamente, mediante recurso de *certiorari.  Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 95-96 (2008).

**III**

En el presente caso, el peticionario nos solicita que revisemos el dictamen emitido por el tribunal de instancia, mediante el cual desestimó su causa de acción. A pesar de que el juzgador identificó la determinación recurrida como una sentencia, lo cierto es que la debió denominar como una resolución. Ello, puesto que, el aludido dictamen no cumplió con los requerimientos de la Regla 42.3 de Procedimiento Civil, *supra.* La misma, establece que, cuando un pleito comprenda más de una reclamación, el tribunal únicamente puede dictar sentencia final sin disponer totalmente del caso, sí indica expresamente que no existe razón para posponer dictar sentencia hasta la resolución final del caso y ordena expresamente que se registre la sentencia.

Así pues, en vista de que el foro sentenciador no adjudicó la totalidad de las reclamaciones ante él sometidas, y en defecto de las exigencias procesales para certificar la finalidad de la sentencia parcial, resulta forzoso concluir que estamos ante una resolución interlocutoria revisable, exclusivamente, mediante recurso de *certiorari.*

Ahora bien, en cuanto al asunto objeto de revisión, la desestimación de la causa de acción del peticionario, justipreciamos que el foro sentenciador no incidió al determinar que el remedio del *injunction* estatutario establecido por el Artículo 7.15(a) de la Ley General de Corporaciones, *supra,* no puede ser invocado en casos en los cuales se impugne la conducta de un miembro de la junta de directores. La jurisprudencia interpretativa de la Sección 225(a) de Ley de Corporaciones del estado de Delaware, *supra,* la cual fue precursora de nuestro Artículo 7.15(a), *supra,* establece claramente que esta sección no está disponible para atender asuntos de mala conducta o incumplimientos de los deberes de un miembro de la junta de directores.

En mérito de lo antes expuesto y amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. El expediente ante nuestra consideración no evidencia falta alguna atribuible al tribunal primario, de modo que resulte meritorio imponernos sobre lo resuelto.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones