Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ANA MARÍA RODRÍGUEZ ECHEANDÍA Y OTROS<br><br>Peticionarios<br><br>V.<br><br>PAUL CAMACHO RAMOS Y OTROS<br><br>Recurridos | KLCE202400834 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>HSCI20131129<br><br>Sobre:<br>Partición de Herencia |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 16 de septiembre de 2024.

El 29 de julio de 2024, compareció ante este Tribunal de Apelaciones, la señora Wanda I. Monge Rodríguez (en adelante, señora Monge Rodríguez o parte peticionaria), por medio de recurso de *certiorari.* Por medio de este, nos solicita que revisemos la *Orden* emitida el 26 de junio de 2024 y notificada el 27 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Humacao. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Reconsideración* presentada por la parte peticionaria.

Por los fundamentos que adelante se esbozan, se expide el recurso de *certiorari* y se revoca el dictamen recurrido.

### I

Conforme surge del expediente, el 13 de octubre de 2013, la señora Ana M. Rodríguez Echeandía (en adelante, señora Rodríguez Echeandía), la señora Monge Rodríguez y el señor Edgardo Monge Rodríguez (en adelante, señor Monge Rodríguez), presentaron una *Demanda* sobre división de herencia. En esencia, acotaron que, eran

miembros de la Sucesión Rodríguez Echeandía y que, no deseaban continuar en comunidad de bienes. Por lo que, solicitaron la división de la comunidad hereditaria.

Posteriormente, el señor Monge Rodríguez presentó la *Demanda de Co Parte*. Sostuvo que, la causante, señora Ana Luisa Echeandía López (en adelante, señora Echeandía López), otorgó un *testamento abierto* el 13 de febrero de 2003, ante el notario Alfredo Torres Hernández. Entre otras cosas, acotó que, el mencionado testamento fue revocado en su totalidad mediante el otorgamiento de *testamento abierto* el 5 de marzo de 2003. Indicó que, existía otro testamento otorgado el 14 de junio de 2007, no obstante, para ese entonces, la señora Echeandía López padecía de Alzheimer. De igual manera, añadió que, la señora Echeandía López fue "obligada, engañada y/o manipulada" para otorgar el aludido testamento por la señora Monge Rodríguez, tutora y administradora de los bienes de la señora Echeandía López. A tales efectos, solicitó la anulación del testamento del 14 de junio de 2007, desheredar a la señora Monge Rodríguez, que se le ordenara a esta última a colacionar el caudal de la señora Echeandía López, que se le descalificara para ser albacea, y se le ordenara el pago de las sumas de un millón ($1,000,000.00) de dólares por daños y quinientos mil dólares ($500,000.00) por persecución maliciosa.

En respuesta, la parte peticionaria presentó la *Contestación a Demanda Coparte*, donde negó las alegaciones realizadas por el señor Monge Rodríguez.

Posteriormente, el señor Monge Rodríguez presentó la *Solicitud de Permiso para Desistir de Demanda Contra Coparte*.

El 3 de octubre de 2016, el foro primario emitió *Sentencia Parcial*, donde declaró Ha Lugar la *Solicitud de Permiso para Desistir de Demanda Contra Coparte*.

El señor Monge Rodríguez presentó la *Solicitud de Remoci[ó]n de Albacea,* donde le solicitó al foro primario que removiera a la señora Monge Rodríguez de su cargo de albacea y designara un contador partidor que llevara a cabo la división de la comunidad de bienes. Subsiguientemente, el señor Monge Rodríguez presentó dos mociones reiterando su solicitud de remoción de albacea.

Así las cosas, el 22 de junio de 2018, la parte peticionaria presentó la *Moción Informativa en Cumplimiento de Orden y en Oposición a la Petición del Co-Demandado Edgardo Monge Rodríguez de Relevo de Cargo de Albacea a la Codemandada Wanda Monge Rodríguez*. Indicó que, se estaban realizando los trámites para la radicación de la planilla de caudal relicto. Además, se opuso a la *Solicitud de Remoci[ó]n de Albacea.*

La parte peticionaria, además, presentó la *Moción en Réplica y Oposición a Moción en Cumplimiento de Orden*. Por medio de esta, arguyó que, había sido diligente y responsable en cumplir con los deberes correspondientes al albaceazgo. Aseguró que, el 6 de julio de 2018 radicó la *Planilla de Contribución sobre Caudal Relicto* de la Sucesión Echeandía López, que incluía un inventario de todos los bienes del caudal identificados hasta esa fecha.

Por otro lado, el 9 de septiembre de 2020, la parte peticionaria presentó la *Moción Suplementaria y en Cumplimiento de Orden*. Sostuvo que, el señor Monge Rodríguez, junto a la señora Rodríguez Echeandía había realizado una serie de negocios jurídicos sobre el caudal de la señora Echeandía López sin contar con el consentimiento de la albacea, y describió tales negocios en su moción.

El 12 de noviembre de 2020, el foro *a quo* emitió una *Resolución y Orden* donde removió a la señora Monge Rodríguez de su cargo de albacea por incumplir con las obligaciones requeridas por nuestro ordenamiento jurídico.

Según surge de la *Minuta* con fecha de 23 de abril de 2024, el 5 de abril de 2024 fue celebrada una *Vista*. En la misma, la representación legal de la señora Monge Rodríguez argumentó que esta había ejercido las funciones de su cargo de albacea y que, no había renunciado al cargo. Añadió que, como representante legal sabía sobre la resolución que destituyó a la parte peticionaria de su cargo, pero que en expediente no se encontraba determinación alguna. A su vez, hizo alusión al Art. 822 del Código Civil de 1930 y sostuvo que, existía un acuerdo parcial de partición de herencia firmado por todos los herederos y los representantes legales, con fecha de 21 de junio de 2016. El foro *a quo* le ordenó al licenciado José R. González Rivera (en adelante, licenciado González Rivera), defensor judicial, hasta el 3 de mayo de 2024, para presentar su moción en torno a la controversia, y a las partes les concedió veinte (20) días para replicar.

El 6 de mayo de 2024, la parte peticionaria presentó la *Moción en Solicitud de Resolución.* Por medio de esta solicitó al foro primario que declarara Sin Lugar una moción presentada el 5 de abril de 2024[1]. Además, acotó que las partes no habían cumplido con lo ordenado.

Por otra parte, el 8 de mayo de 2024, compareció mediante *Moción en Cumplimiento de Orden* el licenciado González Rivera, defensor judicial de los menores SPCC, JPCM, KACM y JACC, quienes formaban parte de la Sucesión Echeandía López. Sostuvo que, el Tribunal de Primera Instancia destituyó del cargo de albacea a la señora Monge Rodríguez por incumplimiento con sus deberes. Argumentó que, la negligencia en el cumplimiento del cargo de albacea no necesariamente conllevaba la remoción, pues se requiere conducta dolosa. Acotó que, no cabía duda que al foro primario

---

[1] La aludida moción no fue incluida en el apéndice del recurso.

entendió que la conducta de la parte peticionaria fue dolosa. Respecto al alegado acuerdo concretado por las partes, indicó que, al existir herederos menores de edad, cualquier acuerdo de partición requería una autorización judicial, y que en este caso, no se había hecho.

El 14 de mayo de 2024, la primera instancia judicial emitió *Resolución*, en virtud de la cual excluyó a la señora Monge Rodríguez como parte del caso al esta no ser heredera forzosa.

En desacuerdo, la parte peticionaria presentó una *Reconsideración*. En esta, argumentó que, el licenciado González Rivera no presentó escrito alguno en o antes del 3 de mayo de 2024, según ordenado por el foro de primera instancia y que, la *Resolución* había sido dictada en violación al término concedido.

El 26 de junio de 2024, el foro *a quo* emitió una *Orden* que fue notificada el 27 de junio de 2024, donde declaró No Ha Lugar la *Reconsideración*.

Aun inconforme, la parte peticionaria presentó el recurso cuya revisión nos atiene, donde esgrimió los siguientes señalamientos de error:

- El TPI cometió un craso error de derecho al excluir a la *Demandante-Recurrente* de la *Demanda de Partición de Herencia*, luego de colegir bajo el Artículo 822 del Código Civil de Puerto Rico (1930) que su remoción del cargo de albacea, mediante *Resolución* del 12 de noviembre de 2020 determinando que incumplió su obligación de presentar en autos cartas testamentarias e informes de rendición de cuentas durante el término que había fungido como albacea, conllevó la pérdida de lo que a título de herencia le dejó la *Testadora* en el *Testamento*.

  Este Error fue decisivo y sustancial en la *Resolución* del 14 de mayo de 2024 que acogió favorablemente la *Moción en Cumplimiento de Orden* presentada por los *Recurridos*, cuya revocación aquí solicitamos.

- El TPI incurrió en prejuicio, parcialidad y/o abuso de discreción al adjudicar favorablemente la *Moción en Cumplimiento de Orden* de los *Recurridos*, presentada tardíamente el 8 de mayo de 2024, en violación de la *Orden* del Tribunal del 5 de abril de 2024, sin conceder a la *Recurrente* la oportunidad de

> contestar y fundamentar su oposición, infringiendo
> así el término otorgado a la *Recurrente* el 5 de abril
> de 2024 y su derecho procesal establecido en la
> Regla 8.4 de Procedimiento Civil (2009).
>
> Este error fue decisivo y sustancial en la *Resolución*
> del 14 de mayo de 2024 que acogió favorablemente
> la *Moción en Cumplimiento de Orden* presentada por
> los *Recurridos*, cuya revocación aquí solicitamos.

Habiendo transcurrido el término reglamentario, sin que compareciera la parte recurrida a exponer su postura, disponemos del recurso sin el beneficio de su comparecencia.

**II**

### *A. El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez,* supra pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes
> criterios al determinar la expedición de un auto de
> certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión
> recurrida, a diferencia de sus fundamentos, son
> contrarios a derecho.

---

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o

resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### *B. Finalidad de una Sentencia*

La Regla 42.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.1, define lo que constituye una sentencia y dispone lo siguiente:

> El término **"sentencia"** incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse. El término **"resolución"** incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial. (Énfasis nuestro).

Una sentencia es final y definitiva cuando se resuelve el caso en sus méritos y pone fin al litigio entre las partes mediante una adjudicación final, de tal manera que sólo queda pendiente la ejecución de la sentencia. *Johnson & Johnson v. Mun. de San Juan,* 172 DPR 840, 848 (2007); *García v. Padró,* 165 DPR 324, 331-332 (2005); *U.S. Fire Ins. v. A.E.E.,* 151 DPR 962, 967 (2000). Una sentencia adjudica las controversias de un caso si define los derechos de las partes y contra ella puede incoarse un recurso de apelación. *Íd.,* pág. 967.

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha resuelto que, "si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a la controversia entre las partes, la resolución referida constituye una sentencia final de la cual puede interponerse un recurso de apelación". *Banco Santander v. Fajardo Farms Corp.,* 141 DPR 237, 244 (1996).

Sabemos que el nombre *no* hace la cosa, por ello es necesario examinar la determinación del foro de instancia para asegurarnos si esta constituye una resolución revisable, mediante *certiorari* o si se trata de una sentencia, la cual es apelable. *Johnson & Johnson v. Mun. de San Juan,* supra, pág. 848; *García v. Padró,* supra, pág. 333. No es muy difícil concluir que existe una diferencia conceptual categórica entre una "resolución" y una "sentencia". Ninguna de las dos constituyen un término genérico dentro del cual pueda

entenderse comprendida la otra específicamente. *Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final. U.S. Fire Ins. v. A.E.E.,* supra, pág. 967.

Ahora bien, la labor de clasificar un dictamen como resolución o sentencia resulta un tanto más complejo en aquellos casos que entrañan reclamaciones o partes múltiples. A veces dentro de un procedimiento de esta naturaleza se hace innecesario esperar a resolver todas las reclamaciones y el tribunal puede dictar sentencia sobre una u otra de las reclamaciones sin necesidad a esperar a que esté en condiciones de dictar sentencia sobre todas las reclamaciones. *Íd.*

Cónsono con lo anterior, la Regla 42.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, establece el mecanismo procesal que tienen a su disposición los tribunales en este tipo de caso para dictar sentencia. La referida regla dispone lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, **siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito,** y siempre que ordene expresamente que se registre sentencia.
>
> **Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final** para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2.

La referida regla establece el mecanismo procesal que tienen a su disposición los tribunales cuando en un pleito de múltiples reclamaciones o múltiples partes se dicta sentencia para adjudicar menos del total de las reclamaciones o de los derechos u obligaciones de menos de la totalidad de las partes. Es decir, esta

regla permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos de una de las partes en un pleito. *García v. Padró, supra; U.S. Fire Ins. v. A.E.E.*, supra, a la pág. 968; *Camaleglo v. Dorado Wings*, 118 DPR 20 (1986).

En otras palabras, para que se entienda que un tribunal ha dictado una sentencia parcial final, según la Regla 42.3 de Procedimiento Civil, *supra*, ésta debe concluir expresamente que no existe razón para posponer el dictamen de una sentencia sobre la reclamación y tiene que haber ordenado expresamente que esta se registre y archive la sentencia. *Johnson & Johnson v. Mun. de San Juan,* supra*,* pág. 849; *U.S. Fire Ins. v. A.E.E.,* supra, págs. 968-969. Ausente ambos requisitos, cualquier orden o forma de decisión que adjudique menos de la totalidad de las partes, no finaliza el pleito y se entiende que se trata de una resolución interlocutoria. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 95.

**III**

Según reseñáramos, el 12 de noviembre de 2020, el foro de primera instancia emitió una *Resolución y Orden* por medio de la cual removió a la señora Monge Rodríguez de su cargo de albacea por incumplir con las obligaciones exigidas por nuestro ordenamiento jurídico. Posteriormente, el 14 de mayo de 2024, el foro recurrido emitió la *Resolución* cuya revisión nos ocupa, en virtud de la cual excluyó a parte peticionaria como parte del caso debido a que esta no era heredera forzosa.

De acuerdo con la Regla 42.3 de Procedimiento Civil, *supra,* en las instancias en las que un pleito figuren múltiples partes, el Tribunal podrá dictar sentencia final en cuanto a una o más de las partes sin disponer de la totalidad del pleito. Lo anterior "siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la

sentencia".[3]  Luego de que se realice la aludida conclusión y orden expresa, la sentencia parcial dictada tendrá carácter de final para todos los fines en cuanto a las reclamaciones o los derechos y obligaciones adjudicadas en esta.[4]

La decisión del foro recurrido tenía la intención de dar por terminada la participación de la señora Monge Rodríguez como parte del pleito, es decir, dar finalidad respecto a ella. Por tanto, lo procedente en derecho es que el Tribunal emita una sentencia parcial de conformidad con la Regla 42.3 de Procedimiento Civil, *supra*, e incluya la frase sacramental propuesta por la Regla 42.3 de Procedimiento Civil, *supra*, a los efectos de que no existe razón para posponer el que se dicte sentencia sobre la parte hasta la resolución total del pleito.

## IV

Por los fundamentos que anteceden, se expide el recurso de *certiorari* y se revoca el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] 32 LPRA Ap. V, R. 42.3.
[4] 32 LPRA Ap. V, R. 42.3.