Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| VILLA VISTA MELONES, LLC; JOSÉ LUIS RODRÍGUEZ RIVERA<br><br>*Peticionarios*<br><br>v.<br><br>LA QUINTA, S.E. Y OTROS<br><br>*Recurridos* | TA2025AP00008[1] | Apelación acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: NSCI201700527 (307)<br><br>Sobre: Acción Civil, Incumplimiento de Contrato y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez[2], la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de julio de 2025.

Comparecen ante nos, Villa Vista Melones, LLC (Villa) y el señor José Luis Rodríguez Rivera (señor Rodríguez Rivera) (en conjunto, peticionarios) mediante recurso de *Apelación* —el cual acogemos como un *Certiorari* por ser el mecanismo adecuado para la revisión del dictamen recurrido[3]— presentado el 16 de junio de 2025, y solicitan que revoquemos la *Sentencia*[4] emitida el 31 de marzo de 2025 y notificada el 2 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro recurrido). Mediante el referido dictamen, el TPI desestimó la *Demanda*[5] por prescripción y por ausencia de parte indispensable.

---

[1] El recurso de epígrafe fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel.

[2] Mediante la Orden Administrativa OATA-2025-0118, emitida el 24 de junio de 2025, se designó al Hon. Juan R. Hernández Sánchez en sustitución de la Hon. Olga E. Birriel Cardona.

[3] Por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.

[4] Apéndice 2 del recurso de *Certiorari*.

[5] Apéndice 1 del recurso de *Certiorari*.

Por los fundamentos que expondremos a continuación, se **desestima** el recurso solicitado por prematuro y se devuelve al TPI para la continuación de los procedimientos de acuerdo con lo aquí dispuesto.

## I.

Los hechos que dieron lugar a la presente reclamación tuvieron su origen el 22 de diciembre de 2017, cuando los peticionarios instaron una *Demanda* de incumplimiento de contrato y daños y perjuicios contra varios codemandados, entre ellos, el señor Jorge Laborde Corretjer (señor Laborde Corretjer), la señora Susan Hubbell (señora Hubbell), Punta Melones Development (Punta Melones), el señor Pedro Rodríguez Flores (señor Rodríguez Flores) y Las Quintas de Culebra Homeowners Association, Inc. (Las Quintas) (en conjunto, recurridos). En síntesis, la *Demanda* versaba sobre el alegado incumplimiento de las partes codemandadas en la construcción, infraestructura y obligaciones del desarrollador de una finca adquirida por los peticionarios en el municipio de Culebra.

El 9 de abril de 2018, el señor Laborde Corretjer y Punta Melones solicitaron la desestimación de la *Demanda* por acumulación indebida de partes[6]. Por su lado, la señora Hubbell presentó *Moción Solicitando Desestimación y Juicio por Separado*[7] debido a la falta de parte indispensable y acumulación indebida de causas de acción. Luego de varios trámites procesales, el 1 de noviembre de 2021[8], el TPI emitió una *Sentencia Parcial*[9] en la cual declaró *No Ha Lugar* la solicitud de desestimación del señor Laborde Corretjer y Punta Melones y *No Ha Lugar* a la *Moción Solicitando Desestimación y Juicio por Separado* presentada por la señora Hubbell.

---

[6] Véase, autos originales del caso NSCI201700527, Tomo 1.
[7] Véase, autos originales del caso NSCI201700527, Tomo 2.
[8] Notificada el 30 de noviembre de 2021.
[9] Véase, autos originales del caso NSCI201700527, Tomo 4.

Posteriormente, el 13 de diciembre de 2021, el señor Laborde Corretjer presentó su *Contestación a Demanda y Reconvención*[10]. En esta, levantó las siguientes defensas afirmativas: "1. Prescripción; 2. La demanda tal como está redactada deja de presentar una causa de acción contra este demandado; 3. Faltan partes indispensables; 4. Asunción de Riesgo; 5. Daños Autoinflingido; 6. Mala Fe; 7. Falta de Jurisdicción y 8. Abuso de los Procedimientos"[11]. Por otra parte, en la *Reconvención,* arguyó daños emocionales y morales, daños económicos y temeridad. Por ello, solicitó al TPI que declarara *No Ha Lugar* la *Demanda* y *Ha Lugar* la *Reconvención* para condenar a los peticionarios al pago de una suma no menor de doscientos cincuenta mil dólares ($250,000.00) por los daños mencionados y la imposición de honorarios de abogado, costas y gastos por temeridad.

Ese mismo día, Punta Melones también sometió *Contestación a Demanda y Reconvención*[12]. En esta, expresó las mismas defensas afirmativas que alegó el señor Laborde Corretjer en su *Contestación a la Demanda.* Asimismo, solicitó al foro recurrido que declarara *No Ha Lugar* la *Demanda* incoada por los peticionarios y que se le impusiera a dicha parte el pago de honorarios de abogado, costas y gastos por temeridad.

Así las cosas, el 21 de diciembre de 2021, los peticionarios presentaron su *Contestación a la Reconvención de Jorge Laborde Corretjer*[13]. En ella, solicitaron al TPI lo siguiente:

> a) declarando con lugar la demanda en todas sus partes;
> b) desestimando la reconvención en todas sus partes;
> c) declarando los derechos de las partes, incluyendo incumplimiento de contrato;
> d) conforme la evidencia establezca, declare el derecho de los demandantes;
> e) condenando a los codemandados a indemnizar a los demandantes los daños reclamados conforme establezca la evidencia en concepto de cuantías, su valor presente y los intereses para preservar todos los derechos de propiedad que son parte de las causas de acción;

---

[10] Apéndice 9 del recurso de *Certiorari.*
[11] *Íd.*
[12] Apéndice 10 del recurso de *Certiorari.*
[13] Véase, autos originales del caso NSCI201700527, Tomo 4.

f) condene a los codemandados al pago del costo de una suma razonable en concepto de honorarios de abogado;
h) conceda cualquier otro remedio procedente en ley, contrato, derecho o equidad[14];

Por su parte, **el TPI, nada dispuso en cuanto a las reconvenciones**. No obstante, el 22 de febrero de 2022[15], dictó *Sentencia*[16] y ordenó a los peticionarios a enmendar la *Demanda,* a los fines de que se incluyera como parte indispensable a Canarias CXA, Corp. (Canarias), la Autoridad de Energía Eléctrica (AEE) y Las Quintas. Inconformes, los peticionarios apelaron la determinación del foro recurrido. Sin embargo, este foro apelativo dispuso del recurso sin entrar en los méritos, dado que entendió que la *Sentencia* no fue notificada a todas las partes, por lo que devolvió el caso para que la misma fuera notificada de forma adecuada. Conforme a lo anterior, el 10 de febrero de 2023, el TPI volvió a notificar la *Sentencia* a todas las partes[17].

Transcurrido algún tiempo, el 28 de mayo de 2024, los peticionarios presentaron la *Demanda Enmendada*[18] para incluir a las partes indispensables y comenzar el proceso de emplazamiento. Expedidos los emplazamientos, el 20 de septiembre de 2024, el señor Laborde Corretjer y la Punta Melones presentaron un escrito intitulado *Desestimación de la Demanda por Falta de Jurisdicción*[19] por falta de parte indispensable al transcurrir los términos prescriptivos. Por su parte, el 21 de noviembre de 2024, la señora Hubbell sometió *Moción en Reacción y Uniéndose a Solicitud de Desestimación Presentada por la Parte Codemandada Jorge Laborde Corretjer*[20].

---

[14] *Íd.*
[15] Notificada el 24 de febrero de 2022.
[16] Véase, autos originales del caso NSCI201700527, Tomo 5.
[17] Véase, *Alegato de la Parte Apelada, Notificación Enmendada.*
[18] Apéndice 17 del recurso de *Certiorari.*
[19] Apéndice 18 del recurso de *Certiorari.*
[20] Apéndice 19 del recurso de *Certiorari.*

De igual manera, el 12 de diciembre de 2024, el señor Laborde Corretjer y Punta Melones presentaron una *Moción de Desestimación por Falta de Jurisdicción por no Emplazar en Término Provisto por Ley y por no Incluir Parte Indispensable*[21]. Esto, bajo el fundamento de que los peticionarios no emplazaron ni solicitaron emplazamiento por edicto contra Canarias dentro del término de los ciento veinte (120) días dispuestos por ley. Así las cosas, el 26 de diciembre de 2024, el TPI emitió y notificó una *Orden*[22] para que, en un plazo de veinte (20) días, los peticionarios presentaran su posición en cuanto a la moción de desestimación.

Sin oposición de los peticionarios, el 31 de marzo de 2025[23], el foro recurrido emitió una *Sentencia* en la que declaró *Ha Lugar* las mociones de desestimación presentadas por los recurridos. Inconformes con el dictamen, el 21 de abril de 2025, los peticionarios presentaron *Moción de Reconsideración de Sentencia*[24]. En respuesta, el TPI concedió a los recurridos un plazo de quince (15) días para replicar a la misma. A tales fines, el 15 de mayo de 2025, el señor Laborde Corretjer y Punta Melones presentaron *Oposición a Moción de Reconsideración de Sentencia*[25]. En dicha moción, argumentaron que la misma no cumplía con el requisito de especificidad que requiere la Regla 47 de las de Procedimiento Civil[26]. Asimismo, adujeron que la moción dejaba de exponer bases legales para que el TPI tomara jurisdicción en ausencia de parte indispensable.

---

[21] Apéndice 20 del recurso de *Certiorari*.
[22] Véase, autos originales del caso NSCI201700527, Tomo 8.
[23] Notificada el 2 de abril de 2025.
[24] Apéndice 22 del recurso de *Certiorari*.
[25] Apéndice 26 del recurso de *Certiorari*.
[26] 32 LPRA Ap. V. R.47.

Evaluadas las posiciones de las partes, el 15 de mayo de 2025[27], el foro recurrido emitió una *Orden*[28] en la que declaró *No Ha Lugar* la moción de reconsideración.

Insatisfechos aún, el 16 de junio de 2025, los peticionarios acudieron a este foro intermedio y señalaron al TPI la comisión de los siguientes errores:

> **Primer señalamiento de Error:** Erró el Honorable Tribunal de Primera Instancia al dictar determinar en Sentencia que las causas de acción estaban prescritas, a base del término prescriptivos de las acciones extracontractuales, toda vez que las causas de acción levantadas contra los demandados están basadas en relaciones de naturaleza contractual entre las partes.

> **Segundo señalamiento de Error:** Erró el Honorable Tribunal de Primera Instancia al dictar determinar en Sentencia que las causas de acción estaban prescritas, aún a base del término prescriptivos de las acciones extracontractuales, toda vez que los daños sufridos son de naturaleza continua o continuada y la parte demandante aún los sufría a la fecha de la presentación de la demanda y posteriormente.

> **Tercer señalamiento de Error:** Erró el Honorable Tribunal de Primera Instancia en su Sentencia al desestimar la misma por falta de parte indispensable, toda vez que las causas de acción levantadas contra los demandados incluidos y emplazados eran totalmente independientes de la que pudiera existir contra la alegada parte faltante.

> **Cuarto señalamiento de Error:** Erró el Honorable Tribunal de Primera Instancia en su Sentencia al desestimar la misma por falta de parte indispensable, toda vez que se le demostró que tal entidad ya no existía y no era posible adquirir, para ningún efecto práctico, jurisdicción sobre ella.

El 26 de junio de 2025, el señor Laborde Corretjer presentó *Moción de Desestimación*[29] y arguyó que la reconsideración no interrumpió el término para recurrir a este foro intermedio, pues la misma se presentó fuera de término, lo que nos privaba de jurisdicción. Considerada la moción, el 30 de junio de 2025[30], emitimos *Resolución*[31] y declaramos *No Ha Lugar* la solicitud de desestimación, además, concedimos hasta el 16 de julio de 2025, para que las partes recurridas presentaran su alegato en oposición.

---

[27] Notificada el 16 de mayo de 2025.
[28] Apéndice 27 del recurso de *Certiorari*.
[29] Véase, expediente de Apelaciones, Entrada 4.
[30] Notificada el 3 de julio de 2025.
[31] Véase, expediente de Apelaciones, Entrada 5.

Además, el 3 de julio de 2025, emitimos otra *Resolución*[32], en la que ordenamos al foro recurrido a remitir, en calidad de préstamo, los autos originales.

En cumplimiento con lo anterior, el TPI elevó los autos originales y los recurridos presentaron sus respectivos alegatos en oposición[33] los días 14, 15 y 16 de julio. Así pues, con el beneficio de la comparecencia de las partes litigantes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[34] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[35]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[36]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[37]

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del

---

[32] Véase, expediente de Apelaciones, Entrada 6.
[33] Véase, expediente de Apelaciones, Entrada 8, 9 y 10.
[34] 32 LPRA Ap. V, R. 52.1.
[35] 4 LPRA Ap. XXII-B, R. 40.
[36] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[37] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Tribunal de Primera Instancia[38]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[39]
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[38] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).
[39] 32 LPRA Ap. V, R. 52.1.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Regla 42.1 de las Reglas de Procedimiento Civil[40], define una sentencia como cualquier determinación del TPI que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. De otra parte, es sentencia final aquella que resuelve todas las controversias entre las partes de forma tal que no quede pendiente nada más que la ejecución de ésta[41]. Además, un dictamen es sentencia final, en la medida que pueda presentarse contra ella un recurso de apelación[42].

Por otro lado, la Regla 42.3 de Procedimiento Civil[43], permite que, cuando en un litigio civil existan múltiples partes o reclamaciones, sea posible adjudicar una de ellas de forma parcial sin disponer de la totalidad del pleito[44]. Para que un dictamen al amparo de esta Regla constituya una sentencia parcial, se exige que el foro primario concluya expresamente al final del dictamen que "no existe razón para posponer que se dicte sentencia sobre tales reclamaciones [o partes] hasta la resolución total del pleito" y se ordene el registro de la sentencia[45].

Si, por el contrario, la intención del Tribunal es disponer de la totalidad de las reclamaciones ante su consideración, debe consignarlo así expresamente en la parte dispositiva de su sentencia, pues se ha resuelto que "[e]s sólo la porción o parte

---

[40] 32 LPRA Ap. V, R.42.1.
[41] *Camaleglo v. Dorado Wings, Inc.*, 118 DPR 20, 26 (1986).
[42] *U.S. Fire Ins. v. A.E.E.*, 151 DPR 962, 967 (2000).
[43] 32 LPRA Ap. V, R.42.3.
[44] *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 906 (2012).
[45] *Torres Capeles v. Rivera Alejandro*, 143 DPR 300, 312 (1997).

dispositiva de la 'sentencia' la que constituye la sentencia; los derechos de las partes son adjudicados, no mediante la relación de los hechos, sino únicamente mediante la parte dispositiva de la misma"[46]. Así, el omitir una reclamación en la parte dispositiva de una sentencia tiene el efecto de mantener tal reclamación "viva y pendiente de adjudicación"[47].

En aquel caso en que una sentencia parcial adolezca de la referida determinación de finalidad, no advendrá final, por lo que la misma no constituirá más que una resolución interlocutoria, que podría revisarse únicamente mediante recurso de *certiorari*[48].

**III.**

En el caso de autos, los peticionarios nos solicitan que revoquemos el dictamen emitido por el TPI, mediante el cual desestimó su causa de acción por prescripción y falta de parte indispensable. Sin embargo, a pesar de que el juzgador de instancia identificó la determinación recurrida como una sentencia, lo cierto es que la debió denominar resolución. Esto, debido a que el dictamen no cumplió con los requerimientos de la Regla 42.3 de Procedimiento Civil, *supra.*

Tras examinar detenidamente la resolución recurrida y los autos originales, encontramos que el foro primario nada expresó sobre las reconvenciones del 13 de diciembre de 2021 presentadas por el señor Laborde Corretjer y Punta Melones. Por otro lado, tampoco incluyó el enunciado requerido por la citada regla para otorgarle finalidad a su decisión. Esto es, el dictamen debió expresar clara e inequívocamente que no existía razón para posponer que se dictara sentencia sobre tales reclamaciones o partes hasta la

---

[46] *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 656 (1987).
[47] *Íd.*, pág. 658.
[48] *García v. Padró,* 165 DPR 324, 333-334 (2005).

resolución final del pleito, y ordenar expresamente que se registrara la sentencia.

Por consiguiente, en vista de que el foro primario no le impartió finalidad a su dictamen, colegimos que no estamos ante una sentencia final. Tal circunstancia, nos impide ejercer nuestra función revisora y nos obliga a desestimar el recurso presentado por ser uno prematuro.

**IV.**

Por los fundamentos antes expuestos, ***desestimamos*** el recurso presentado por falta de jurisdicción, por prematuro. Consecuentemente, devolvemos el caso al foro de origen para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones